**Arlene R. YARGER, Plaintiff—Appellant,**

v.

**Michael J. ASTRUE, Commissioner of Social Security, Defendant—Appellee.**

No. 07–35587.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Oct. 24, 2008.

Filed Nov. 3, 2008.

John E. Seidlitz, Jr., Esquire, Seidlitz Law Office, Great Falls, MT, for Plaintiff–Appellant.

Dorrelyn K. Dietrich, Esquire, Robert L. Van Saghi, Esquire, Allan D. Berger, Special Assistant U.S., SSA–Social Security Administration General Counsel's Office, Region VIII, Denver, CO, for Defendant–Appellee.

* The Honorable James C. Mahan, United States District Judge for the District of Nevada, sitting by designation.

Before: SILVERMAN and BERZON, Circuit Judges, and MAHAN,* District Judge.

## MEMORANDUM **

Plaintiff Arlene Yarger appeals the district court's order affirming the Social Security Commissioner's final decision to deny Yarger benefits. We have jurisdiction under 28 U.S.C. § 1291.

■ The ALJ adequately explained why he found Yarger's testimony concerning the effects of her symptoms to be not entirely credible with respect to her hand and hip problems. Because the ALJ found that Yarger's "medically determinable impairments could reasonably be expected to produce [her] alleged symptoms," the ALJ must provide clear and convincing reasons for rejecting Yarger's subjective testimony related to those symptoms. *See Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1159–60 (9th Cir.2008). Here, the ALJ provided three reasons for not fully crediting Yarger's testimony: (1) her testimony was not supported by the medical evidence; (2) her testimony was inconsistent with her daily life and work activities; and (3) her testimony was inconsistent with the conservative treatment she received. These reasons are clear and convincing and supported by substantial evidence.

■ The ALJ properly took into account Yarger's mental limitations when evaluating Yarger's residual functional ca-

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

pacity. Although the ALJ did not consider Yarger's mental limitations severe, he included several limitations in his hypothetical to the vocational expert: (1) Yarger's activities of daily life are "mildly limited"; (2) Yarger "cannot perform a lot of judgment or decision-making"; and (3) Yarger "needs a job that is more routine in nature and is fairly low stress." These limitations adequately address Yarger's mental impairments. Accordingly, if the ALJ erred in finding these impairments non-severe, that error is harmless. *See Lewis v. Astrue,* 498 F.3d 909, 911 (9th Cir.2007).

■ However, the ALJ improperly failed to credit Yarger's medical evidence and testimony concerning incontinence. The ALJ disregarded this evidence because he concluded: (1) incontinence "has not been established by medically acceptable clinical and diagnostic techniques"; and (2) Yarger did not present evidence that "this impairment would significantly affect her ability to work."

Neither of these conclusions is supported by substantial evidence. First, Yarger presented medical evidence of incontinence. At one examination, Yarger's physician found that she had "minimal if any external or internal sphincter tone." The ALJ failed to explain why that physician's technique was not medically acceptable. Further, another of Yarger's physicians opined that Yarger's incontinence results from her diabetes. Although Yarger obtained this opinion after the ALJ ruled, she submitted this opinion to the Appeals Council and we may consider it. *See Ramirez v. Shalala,* 8 F.3d 1449, 1451–52 (9th Cir.1993).

Second, Yarger did present evidence of limitations related to incontinence. In a social security disability report form, Yarger noted that she needs "time" to prevent odor and soiling and that her incontinence "required heavier protection and required her to change clothes and shower several times a day." Yarger also testified that the incontinence results in an odor that makes it impossible for her to work in most workplaces. The ALJ provided no reason for rejecting these limitations. They should have been taken into account in determining the extent of Yarger's limitations.

Accordingly, we remand for the ALJ to consider whether Yarger's medical evidence and testimony concerning incontinence require limitations on her residual functional capacity.

**REVERSED and REMANDED for further proceedings consistent with this memorandum.**