MEMORANDUM **
Cynthia Conley appeals the Commissioner of Social Security’s denial of her application for disability insurance benefits and supplemental security income. As the facts and procedural history are familiar to the parties, we do not recite them here except as necessary to explain our disposition. We review de novo the district court’s judgment upholding the Commissioner’s denial of benefits. See Hoopai v. Astrue, 499 F.3d 1071, 1074 (9th Cir.2007). The decision should be upheld “unless it is based on legal error or is not supported by substantial evidence.” Ryan v. Comm’r of Soc. Sec., 528 F.3d 1194, 1198 (9th Cir.2008). Conley raises eight issues on appeal.
1. Medical Opinion Evidence
The administrative law judge (AU) discredited Dr. Howard Gandler's opinion, giving more weight to the evidence of two other experts: Conley's treating physician Dr. Louise McHarris and medical expert Dr. William DeBolt. Dr. DeBolt criticized Dr. Gandler's assessment as incomplete because, for example, Dr. Gandler had failed to identify Conley's tender points or control points as required by the American College of Rheumatology protocol. In addition, the AU discussed the opinions of all of Conley's other examining physicians, nearly all of whose diagnoses differed from Dr. Gandler's. Finally, the AU discredited Dr. Gandler's opinion because he relied on Conley's subjective report and did not review other reports in the record. Thus, there was substantial evidence supporting the AU's decision, see Morgan v. Comm'r of Soc. Sec. Admin., 169 F.3d 595, 600 (9th Cir.1999), and the AU gave specific and legitimate reasons for discrediting Dr. Gandler's opinion, see Bayliss v. Barahart, 427 F.3d 1211, 1216 (9th Cir.2005).[1]
2. Severe Impairments
The AU found that Conley's fibro-myalgia, mental impairments, obstructive sleep apnea, and migraine headaches were not severe impairments. Because the AU proceeded to the next step and because *578 she included all these impairments in the residual functional capacity finding, concluding that the above impairments were not severe was, at most, harmless error. See Lewis v. Astrue, 498 F.3d 909, 911 (9th Cir.2007). Even if the findings were not harmless, however, they were supported by substantial evidence for the reasons described in Sections 1 and 5.
3. Lay Witness Testimony
The AU gave no weight to Debra Anderson's statement that Conley's daily living activities were "markedly" limited, that her social functioning was "moderately" limited, that her concentration persistence and pace were "markedly" limited, and that she has "marked" episodes of decompensation. The AU reasoned that because Anderson was not a mental health professional, she was not qualified to make assessments of whether the claimant was "markedly," "moderately," or otherwise limited. The AU rejected Alvin Prather's testimony because he stated, among other things, that Conley has a memory impairment and has trouble grasping objects, statements that were inconsistent with the medical record. Because the lay witnesses' testimony was inconsistent with the medical evidence and the AU provided "germane" reasons for discounting it, the AU did not err. See Lewis v. Apfel, 236 F.3d 503, 511-12 (9th Cir.2001).
4. Credibility Determination
The AU referenced Conley's credibility throughout the written decision, citing various reasons for finding her not fully credible. The AU, based on her observations at the hearing, found possible exaggeration and malingering, as well as a "functional component" to Conley's limitations. The AU also noted Conley's various inconsistent statements concerning physical therapy. All of these are permitted considerations, see Smolen v. Chater, 80 F.3d 1273, 1284 (9th Cir.1996), and the decision was supported by substantial evidence.
5. Severity of Mental Impairment
Substantial evidence shows that any mental impairment was not severe. After discussing Dr. Sapp's records of Conley's treatment, the AU stated:
Regarding the claimant’s depression, the undersigned considered criteria “B” and “C” of the affective disorders of the Listing of Impairments. The undersigned finds that the record has not shown limitations at a “marked” or “extreme” degree in functional areas such as activities of daily living; socialization; concentration, persistence and pace, and episodes of decompensation. The undersigned notes that the claimant did not have an evaluation by a psychologist or psychiatrist, and did not receive any significant mental health treatment other than antidepressant medication.
In making these findings, the ALJ, as required, “show[ed] the significant history, including examination and laboratory findings, and the functional limitations that were considered in reaching a conclusion about the severity of the mental impairment(s).” 20 C.F.R. § 404.1520a(e)(2). Moreover, “[t]he decision ... include[d] a specific finding as to the degree of limitation in each of the functional areas,” id., and thus was not erroneous.
6. Residual Functional Capacity Finding
Social Security Ruling 96-8p requires that the Residual Functional Capacity "include a narrative discussion describing how the evidence supports each conclusion." Id. at *7• Here, the J~J~J discussed extensively what actions Conley could perform in an eight-hour day. Conley's reliance on Reddick v. Chater, 157 F.3d 715 (9th Cir.1998), is misplaced be *579 cause in Reddick, unlike here, the claimant had chronic fatigue syndrome, which the Reddick ALJ failed to consider. See id. at 724.
The ALJ here expressly stated that she considered all Conley’s impairments, including those that the ALJ deemed non-severe. Moreover, the ALJ was not required to consider the opinion of Dr. Gan-dler for the reasons described above. See Batson v. Comm’r ofSoc. Sec. Admin., 359 F.3d 1190,1197 (9th Cir.2004).
7. Step Four Finding
The ALJ noted that it “is not really clear” whether the work as a booth cashier and administrative clerk constituted substantial gainful activity. Therefore, the ALJ proceeded to perform the step five analysis, see 20 C.F.R. § 404.1520(a)(4)(iv)-(v), and any error at step four was harmless, see Stout v. Comm’r, Soc. Sec. Admin., 454 F.3d 1050, 1055 (9th Cir.2006).
8. Step Five Finding
At step five, the ALJ, relying on the testimony of the vocational expert (VE), found that Conley could perform work in the national economy. In response to the ALJ’s hypothetical, the VE identified jobs that Conley could perform, including booth cashier, administrative clerk, ticket seller, skilled and semi-skilled clerk positions, electrode cleaner, and storage/facilities clerk. For all the reasons discussed above, the ALJ’s hypothetical was validly based on only those limitations with substantial support.
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

. We lack authority to overturn Bayliss. See Hart v. Massanari, 266 F.3d 1155, 1171 (9th Cir.2001).