MEMORANDUM **
Tina M. McLavey appeals the district court’s judgment affirming the Administrative Law Judge’s (ALJ’s) denial of Social Security benefits. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.
We review the district court’s decision de novo. Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir.2005). We will affirm the ALJ’s decision if the ALJ applied the correct legal standards and substantial evidence supports the decision. Id.
The ALJ discounted the lay witness testimony based on his determination that the witnesses had been intentionally misled by McLavey and that their testimony was inconsistent with the medical record. The ALJ did not err in making this determination, because his reasons were supported by substantial evidence in the record and were germane to each of the lay witnesses. See Lewis v. Apfel, 236 F.3d 503, 512 (9th Cir.2001); Nguyen v. Chater, 100 F.3d 1462, 1467 (9th Cir.1996).
*594 Because the ALJ considered the alleged limitations imposed by attention deficit hyperactivity disorder (ADHD), bipolar disorder, antisocial personality disorder, obsessive compulsive disorder (OCD), post-traumatic stress disorder (PTSD), and so-matization disorder when determining McLavey’s residual functional capacity (RFC) at step four, any error in discussing these limitations at step two was harmless. See Lewis v. Astrue, 498 F.3d 909, 911 (9th Cir.2007); Bowen v. Yuckert, 482 U.S. 137, 153-54, 107 S.Ct. 2287, 96 L.Ed.2d 119 (1987).
The ALJ’s adverse credibility determination was supported by substantial evidence that McLavey was malingering. See Carmickle v. Comm’r Soc. Sec. Admin., 533 F.3d 1155, 1160 (9th Cir.2008). Among other things, the notes of treating physicians Berstein and Sayre indicated that McLavey was malingering and exaggerating her physical symptoms, and examining physician Duvall noted that McLavey’s test scores “widely exceed[ed]” the standard set to detect malingering. Moreover, McLavey provided conflicting information to different physicians about her use of pain medications, medical diagnoses and symptoms, and daily activities.
Given the ALJ’s determination that McLavey was not credible, the ALJ did not err in calculating McLavey’s RFC and concluding that she could perform her past relevant work as a maid. A claimant’s RFC must take into account “only limitations and restrictions attributable to medically determinable impairments,” Soc. Sec. Ruling 96-8p, and McLavey failed to produce the “medical evidence consisting of signs, symptoms, and laboratory findings” necessary to prove that her alleged mental impairments are medically determinable. 20 C.F.R. § 416.908; accord Ukolov v. Barnhart, 420 F.3d 1002, 1004-05 (9th Cir.2005).
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.