FILED

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

APR 27 2012

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

<table>
<tr><td>

NINA MATRUNICH,

   Plaintiff - Appellant,

 v.

COMMISSIONER OF SOCIAL
SECURITY ADMINISTRATION,

   Defendant - Appellee.

</td><td>

No. 10-16642

D.C. No. 2:09-cv-01424-CMK

MEMORANDUM[*]

</td></tr>
</table>

Appeal from the United States District Court
for the Eastern District of California
Craig Kellison, Magistrate Judge, Presiding

Submitted April 20, 2012[**]
San Francisco, California

Before: McKEOWN and N.R. SMITH, Circuit Judges, and BENITEZ, District
Judge.[***]

---

 [*] This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

 [**] The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

 [***] The Honorable Roger T. Benitez, United States District Judge for the
Southern District of California, sitting by designation.

Nina Matrunich appeals the district court's grant of summary judgment to the Commissioner of Social Security and denying Matrunich's application for supplemental security income under Title XVI of the Social Security Act. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

Matrunich asserts that the ALJ: (1) erred by failing to find Matrunich's knee arthritis severe at step two of the evaluation process; (2) erred in not considering knee arthritis in formulating the residual functional capacity determination; (3) erred in rejecting the opinion of Arnold Greenberg, M.D., the treating physician; and (4) erred in finding that Matrunich could still perform light residual functional capacity. We disagree.

1.     Substantial evidence supports the ALJ's determination that Matrunich's knee arthritis was not severe. *See* 20 C.F.R. §§ 404.1520(c), 404.1521(a). The x-ray and medical evidence did not reveal an impairment that significantly limited Matrunich's ability to do basic work activities.

2.     Even if we were to hold that the ALJ committed legal error by finding that the knee pain was not severe, it was harmless. *See Lewis v. Astrue*, 498 F.3d 909, 911 (9th Cir. 2007) (concluding any failure to list bursitis as severe at step two was harmless error where ALJ considered the limitations posed by the bursitis at step four). The ALJ found that Matrunich's varicose veins and obesity were severe.

2

The ALJ, by addressing Matrunich's leg pain, necessarily incorporated the pain that Matrunich was experiencing with her right knee into his evaluation.

3.     The ALJ did not err in rejecting the opinion of the treating physician. *See Matney on Behalf of Matney v. Sullivan*, 981 F.2d 1016, 1019 (9th Cir. 1992) ("The ALJ need not accept an opinion of a physician—even a treating physician—if it is conclusionary and brief and is unsupported by clinical findings."); *see also Rollins v. Massanari*, 261 F.3d 853, 856 (9th Cir. 2001) (ALJ did not err in rejecting various statements by treating physician because they were internally inconsistent and not supported by any findings made by any physician, including the treating physician). The ALJ set forth the conflicting elements and provided specific and legitimate reasons for rejecting the treating physician's April 2007 assessment. Dr. Greenberg's assessment was internally inconsistent and was further contradicted by the medical records and the evaluation of Jenna Brimmer, M.D., who conducted a consultative physical examination of Matrunich.

4.     The ALJ provided substantial evidence in support of his residual functional capacity finding. *See* 20 C.F.R. § 416.945(a)(1); *see also Ryan v. Comm'r of Soc. Sec.*, 528 F.3d 1194, 1199 (9th Cir. 2008). The ALJ gave a detailed explanation regarding Matrunich's functional capacities. The ALJ essentially adopted the

residual functional capacity findings of Dr. Brimmer and noted evidence that supported his findings.

**AFFIRMED.**