**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

WILLIAM LEWIS,
      *Plaintiff-Appellant,*

v.

MICHAEL J. ASTRUE,*
      *Defendant-Appellee.*

No. 04-17414

D.C. No.
CV-03-01578-GGH

AMENDED
OPINION

Appeal from the United States District Court
for the Eastern District of California
Gregory G. Hollows, Magistrate Judge, Presiding

Argued and Submitted
November 17, 2006**
San Francisco, California

Filed July 3, 2007
Amended August 16, 2007

Before: J. Clifford Wallace and Sidney R. Thomas,
Circuit Judges, and David A. Ezra,*** District Judge.

Opinion by Judge Wallace

---

*Michael J. Astrue is substituted for his predecessor Jo Anne Barnhart as Commissioner of the Social Security Administration. Fed. R. App. P. 43(c)(2).

**This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

***The Honorable David A. Ezra, United States District Judge for the District of Hawaii, sitting by designation.

## COUNSEL

Bess M. Brewer and Eugenie Denise Mitchell, Brewer & Mitchell, LLP, Sacramento, California, for the plaintiff-appellant.

Michael A. Cabotaje, Assistant Regional Counsel, U.S. Social Security Administration, San Francisco, California, for the defendant-appellee.

## OPINION

WALLACE, Senior Circuit Judge:

William Lewis appeals from the district court's judgment following an order denying his motion for summary judgment and granting the Commissioner of Social Security's (Commissioner) motion for summary judgment. We have jurisdiction under 28 U.S.C. § 1291, and affirm the district court's summary judgment in favor of the Commissioner.

I.

Lewis applied for supplementary security income on May 24, 2000 and it was denied. Lewis requested a hearing, which was held on April 18, 2002. Lewis testified at the hearing, as did Stephen Schmidt, a vocational expert. Irwin Weinreb, M.D., an internist, testified by telephone as a medical expert.

The administrative law judge (ALJ) conducted a five-step sequential evaluation process in determining that Lewis was not disabled under section 1614(a)(3)(A) of the Social Security Act, 42 U.S.C. § 1382c(a)(3)(A). *See* 20 C.F.R. § 416.920(a) (providing for a five-step evaluation process). At Step 1, the ALJ determined that Lewis had not performed substantial gainful activity since April 18, 1988. Next, at Step

2, she considered whether Lewis had a "severe impairment." She concluded that Lewis was "impaired as a result of status post laminectomy and diabetes mellitus" and that due to these impairments, Lewis could not perform heavy lifting and was severely impaired. At Step 3, the ALJ determined that Lewis's severe impairments did not meet or equal a listed impairment under the regulations.

Next, at Step 4, the ALJ analyzed whether Lewis was able to do past relevant work, and determined that he was not. In reaching this conclusion, the ALJ considered the effects of Lewis's prior back surgery and diabetes. In addition to the back pain and diabetes, the ALJ also considered his "trochanteric bursitis and osteoarthritis of the left knee." The ALJ stated that Dr. Madireddi, a physiatrist who examined Lewis, observed that Lewis had a full range of motion in all joints and good motor strength; that he had reduced sensation in the left leg; that he needed a brace to walk long distances; that he was restricted from prolonged standing and walking; that he could not do repetitive squatting, kneeling, crouching, and crawling; and that he complained of pain with prolonged sitting. Further, the ALJ observed that x-rays of Lewis's knees showed "spurring at the patella," which the radiologist had interpreted as "minimal osteoarthritic changes of the left knee."

The ALJ also recounted some evidence that tended to show that Lewis engaged in drug-seeking behavior. Evidence of drug addiction included testimony from doctors, Lewis's behavior in hospitals, Lewis's admitted history of drug addiction, and the strength of the narcotics that Lewis was taking. The ALJ agreed with Dr. Weinreb, who testified that Lewis engaged in drug-seeking behavior. She also found Lewis's testimony not credible.

At Step 5, the ALJ accepted the vocational expert's testimony concerning the existence of jobs that could accommodate Lewis's limitations. She found that the number of jobs

cited by the vocational expert constituted a significant number of jobs in the economy, and concluded that Lewis was not disabled.

Lewis requested review of the ALJ decision by the Appeals Council. The Appeals Council denied review, making the ALJ decision the final decision of the Commissioner. Lewis sought judicial review of the ALJ decision by the district court. The district court concluded that the ALJ's assessment was fully supported by substantial evidence in the record, and based on proper legal standards. Lewis timely appealed.

## II.

Lewis contends that the ALJ erred by failing to consider his bursitis at Step 2 of the sequential analysis.[1] We review de novo the district court's order upholding the Commissioner's final denial of benefits. *Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999) (as amended). We affirm the district court if the Commissioner's decision was supported by substantial evidence and based on proper legal standards. *Sandgathe v. Chater*, 108 F.3d 978, 980 (9th Cir. 1997). "Substantial evidence is more than a scintilla but less than a preponderance — it is such relevant evidence that a reasonable mind might accept as adequate to support the conclusion." *Orteza v. Shalala*, 50 F.3d 748, 749 (9th Cir. 1995). "[I]f evidence is susceptible of more than one rational interpretation, the decision of the ALJ must be upheld." *Id.*

The medical records reflect that Lewis underwent knee surgery in 1984 and suffered from "left-sided greater trochanter bursitis" after the operation. In addition to medical records supporting that Lewis had a knee injury, Lewis's counsel stated at the April hearing that the injury prevented Lewis

---

[1]We have addressed Lewis's other contentions in an unpublished disposition.

from "performing the necessary physical exertional work to engage in any sedentary work . . . ."

**[1]** Even assuming that the ALJ erred in neglecting to list the bursitis at Step 2, any error was harmless. *Cf. Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1054-55 (9th Cir. 2006) (discussing harmless error analysis in the Social Security context). The ALJ extensively discussed Lewis's bursitis at Step 4 of the analysis, observing that "[t]he claimant also had left-sided greater trochanteric bursitis." The decision also stated that x-rays showed osteoarthritic changes in Lewis's left knee; that Lewis's straight leg raise was "negative"; that Lewis had decreased sensation in his left leg; that Lewis was restricted from prolonged standing and walking; and that Lewis could not do repetitive squatting, kneeling, crouching, and crawling. The decision reflects that the ALJ considered any limitations posed by the bursitis at Step 4. As such, any error that the ALJ made in failing to include the bursitis at Step 2 was harmless.

**AFFIRMED.**