**James A. OSBURN, Plaintiff—Appellant,**

v.

**Michael J. ASTRUE, Commissioner of Social Security Administration, Defendant—Appellee.**

No. 07–15805.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Nov. 20, 2008.

Filed Dec. 23, 2008.

** The Honorable, Richard Mills, United States District Judge for the Central District of Illinois, sitting by designation.

Eric G. Slepian, Esquire, Slepian Law Office, Phoenix, AZ, for Plaintiff–Appellant.

Michael A. Johns, USPX–Office of the U.S. Attorney, Phoenix, AZ, Gina Shin, Esquire, Social Security Administration Office of the General Counsel, San Francisco, CA, for Defendant–Appellee.

Before: CANBY and WARDLAW, Circuit Judges, and MILLS,** District Judge.

### MEMORANDUM ***

James A. Osburn appeals from the district court's summary judgment in his action seeking supplemental security income under Title XVI of the Social Security Act. We have jurisdiction pursuant to 28 U.S.C.

*** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

§ 1291. We review de novo the district court's judgment upholding the Administrative Law Judge's ("ALJ") decision. *Tackett v. Apfel,* 180 F.3d 1094, 1097 (9th Cir.1999). The decision of the ALJ may be reversed only if it is not supported by substantial evidence or is based on legal error. *Id.* We affirm.

The district court properly determined that substantial evidence, including Osburn's medical records, reported activities, and the testimony of the medical expert, supported the ALJ's conclusion that Osburn was not disabled. *See* 20 C.F.R. § 404.1520(e), (f) (instructing that where a claimant does not meet or equal a listed impairment and has the residual functional capacity to perform any past relevant work, he is not disabled). In making this decision, the ALJ provided specific and legitimate reasons supported by substantial evidence for rejecting the treating physicians' opinions. *See Morgan v. Commissioner,* 169 F.3d 595, 600 (9th Cir.1999) (concluding that the testimony of a non-treating medical expert may form the basis for rejecting the opinion of the treating physician when it is combined with other consistent evidence). The ALJ also provided clear and convincing reasons supported by substantial evidence for rejecting Osburn's reported symptoms. *See Thomas v. Barnhart,* 278 F.3d 947, 958–59 (9th Cir.2002) (explaining that the ALJ may consider any number of factors when weighing the claimant's credibility, including his reputation for truthfulness, inconsistencies between his testimony and conduct, his daily activities, and testimony from physicians and third parties concerning the nature, severity, and effect of the symptoms of which the claimant complains).

Osburn contends that the ALJ erred by failing to designate all of his reported impairments as severe at step two of the disability analysis. The ALJ, however, did consider each of Osburn's reported impairments to be severe, other than those based on rejected evidence. Moreover, the ALJ fully considered all impairments in subsequent steps of the disability evaluation. *See* 20 C.F.R. § 416.945(a)(2) (stating that when the ALJ finds any impairment to be severe, he must proceed with the sequential evaluation, and fully consider all of the medically determinable impairments, not just those stemming from impairments identified as severe); *see also Lewis v. Astrue,* 498 F.3d 909, 911 (9th Cir.2007) (concluding that any error at step two of the disability analysis was harmless where the ALJ included the impairment-related limitation in subsequent steps of the disability evaluation).

We are not persuaded by Osburn's contention that the ALJ erred by concluding that his previous jobs were light work. The ALJ properly relied on the testimony of the vocational consultant and Osburn's own job descriptions when making this determination. *See* 20 C.F.R. § 416.960(b)(2) (stating that the ALJ may consider both the claimant's actual past job demands and how the job is generally performed).

Osburn's remaining contentions are unpersuasive.

**AFFIRMED.**