MEMORANDUM **
Edwin C. Bickell appeals from the district court’s affirmance of the final decision by the Commissioner of Social Security denying Bickell’s application for disability and supplemental security income benefits.[1] We affirm.
The administrative law judge (ALJ) provided specific, clear and convincing reasons for discrediting Bickell’s testimony about the severity of his symptoms. Inconsistencies and a tendency to exaggerate provide a valid basis for discrediting the testimony of a claimant. Tonapetyan v. Halter, 242 F.3d 1144, 1148 (9th Cir. 2001). First, the ALJ noted discrepancies in Bickell’s explanation of his March 2001 termination from his job in Idaho. Second, the ALJ noted the “dramatic shift” in the reporting of Bickell’s back-pain-related symptoms between being cleared for work by Dr. Glassman on September 26, 2001 and his first interview with Dr. Seals on October 1, 2001. And third, the ALJ noted numerous inconsistencies and exaggerations in Bickell’s interview with Dr. Moul-ton. These provide clear and convincing reasons for discrediting Bickell’s subjective complaints. In light of these valid reasons to discredit Bickell, his other assignments of error as to the ALJ’s credibility determination are harmless. See Bray v. Comm’r of Soc. Sec. Admin., 554 F.3d 1219,1227 (9th Cir.2009).
The ALJ’s decision to reject Dr. Seals’s opinion was supported by substantial evidence. Bickell has not demonstrated that Seals’s opinion was based on evidence beyond Bickell’s complaints. Moreover, Dr. Seals’s letter pronouncing Bickell’s disability status was not supported by objective findings, and was contradicted by Dr. Glassman’s assessment. “When confronted with conflicting medical opinions, an ALJ need not accept a treating physician’s opinion that is conclusory and brief and unsupported by clinical findings.” Tonapetyan, 242 F.3d at 1149 (holding that treating and examining physicians’ diagnoses based on discredited claimant’s statements, without objective medical findings, were properly rejected). Accordingly, the ALJ’s reliance on Glass-man’s opinion as to Bickell’s functional *278 capacity, rather than Seals’s disability opinion, was supported by substantial evidence.
Likewise, Bickell’s challenge to the ALJ’s rejection of Dr. Moulton’s assessment of Bickell’s functional deficits and ability to work fails. As we have discussed, Bickell made a number of inconsistent and exaggerated statements to Moulton that were included in Moulton’s report. Furthermore, the ALJ noted Moulton’s reliance on Bickell’s exhibited “pain behaviors” in Moulton’s determination that Bickell’s attention and concentration were deficient. Finally, the ALJ noted that Bickell performed at a not significantly impaired level in other functional spheres during Moulton’s testing. Under these circumstances, the ALJ’s determination to reject Moulton’s finding of functional deficits as inconsistent with Moulton’s objective evidence and based on Bickell’s discredited presentation, is supported by the record. See Tonape-tyan, 242 F.3d at 1149.
In determining Bickell’s residual functional capacity for Steps 4 and 5, the ALJ considered the evidence of impairment that Bickell points to in connection with his depression and personality disorder, and had valid reasons for rejecting the limitations diagnosed by Dr. Moulton. Accordingly, any alleged error in failing to deem the depression and personality disorder severe at Step 2 of the analysis was harmless. See Lewis v. Astrue, 498 F.3d 909, 911 (9th Cir.2007) (holding that, where the ALJ considered evidence of limitations posed by claimant’s bursitis at Step 4 of the analysis, any error in failing to consider bursitis severe at Step 2 was harmless). Bickell’s reliance on Webb v. Barnhart, 433 F.3d 683 (9th Cir.2005), is misplaced, as there the ALJ erred in finding that the claimant lacked “a severe impairment or combination of impairments” at Step 2, and never conducted the Step 4 or 5 analysis. Here, as in Lewis, Bickell’s contention is that the ALJ erred in failing to find a disease severe at Step 2 where the ALJ subsequently considered the evidence of the impact of that disease at later steps.
Likewise, Bickell’s reliance on Dr. Seals’s diagnosis of depression and the DCMH counseling records is unavailing, as neither identified any functional limitations related to Bickell’s depression. In any event, the ALJ’s rejection of Seals’s diagnosis of severe depression as being based in Bickell’s discredited claims was supported by the record, as was the ALJ’s determination that the DCMH sessions focused on Bickell’s marital health.
 Bickell’s challenge to the ALJ’s rejection of lay witness testimony also fails. The ALJ provided germane reasons for giving the lay witness testimony limited weight, noting that Bickell’s subjective complaints, which the lay witnesses necessarily relied on, were not credible, and that Bickell’s wife had indicated in her statements in the DCMH notes that she did not accept Bickell’s complaints and, furthermore, had failed to provide a letter in support of Biekell’s application. See Bayliss v. Barnhart, 427 F.3d 1211, 1218 (9th Cir.2005); Lewis v. Apfel, 236 F.3d 503, 512 (9th Cir.2001) (upholding rejection of lay witness testimony where “the ALJ at least noted arguably germane reasons for dismissing the family members’ testimony, even if he did not clearly link his determination to those reasons”). The statements of the state vocational counselor introduced before the Appeals Council were likewise based in Bickell’s subjective claims, and do not undermine the ALJ’s conclusion.
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

. We grant the unopposed motion of Amanda Taylor, Bickell’s daughter, to be substituted as appellant under Fed. R.App. P. 43(a)(1) in light of Bickell's death.