**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ETHELMARIE D. HUBBARD, | No. 09-35389 |
| Plaintiff - Appellant, | DC No. 08-1446 CRD |
| v. | |
| MICHAEL J. ASTRUE, Commissioner of Social Security Administration, | MEMORANDUM[*] |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the Western District of Washington
Carolyn R. Dimmick, District Judge, Presiding

Submitted March 8, 2010[**]
Seattle, Washington

Before:     TASHIMA, FISHER, and BERZON, Circuit Judges.

Ethelmarie Hubbard appeals the district court's judgment affirming the

denial by the Social Security Commissioner ("Commissioner") of Hubbard's

applications for disability insurance benefits and supplemental security income

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously finds this case suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2)(C).

under Titles II and XVI of the Social Security Act, 42 U.S.C. §§ 401-403, 1381-1383f. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

We review *de novo* the district court's order upholding the denial of benefits. *Howard ex rel Wolff v. Barnhart*, 341 F.3d 1006, 1011 (9th Cir. 2003). We must uphold the Commissioner's decision if it is supported by substantial evidence and if the Commissioner applied the correct legal standards. *Id.*

Hubbard contends that the administrative law judge ("ALJ") erred at Step 2 of the sequential evaluation process in finding that her knee injury, obesity, and hip, back, and shoulder pain were not severe impairments. Because Hubbard prevailed at Step 2 and because the ALJ considered these alleged impairments later in the sequential analysis, we conclude that any error in omitting the alleged impairments at Step 2 was harmless. *See Lewis v. Astrue*, 498 F.3d 909, 911 (9th Cir. 2007); *Burch v. Barnhart*, 400 F.3d 676, 682 (9th Cir. 2005).

Hubbard also contends that the ALJ erred at Steps 4 and 5 in finding her "not entirely credible" and in improperly weighing the medical evidence.

We conclude that the ALJ's credibility finding is supported by specific, clear and convincing reasons, including that Hubbard's testimony about her depression symptoms was vague and that her daily activities and the objective medical evidence were inconsistent with her testimony about the severity of her symptoms.

An ALJ may properly consider these factors in assessing a claimant's credibility. *See Tommasetti v. Astrue*, 533 F.3d 1035, 1039-40 (9th Cir. 2008); *Burch*, 400 F.3d at 681.

We also conclude that the ALJ did not err in evaluating the medical opinion evidence. The ALJ gave specific, legitimate reasons, supported by substantial evidence in the record, for according less weight to the doctors who opined that Hubbard was limited to sedentary work or "severely limited." *See Lester v. Chater*, 81 F.3d 821, 830-31 (9th Cir. 1995); *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989). Moreover, the ALJ ultimately found that Hubbard's abilities were more limited than some other doctors opined. We conclude that the conflicting medical opinion evidence in the record is at least susceptible to the ALJ's interpretation. *See Andrews v. Shalala*, 53 F.3d 1035, 1039-40 (9th Cir. 1995) ("We must uphold the ALJ's decision where the evidence is susceptible to more than one rational interpretation." (citing *Magallanes*, 881 F.2d at 750)).

**Affirmed**.