MEMORANDUM *
Kathryn Terhune Cotton appeals the district court’s judgment affirming the determination of the administrative law judge (ALJ) that she is ineligible for disability benefits under Title II of the Social Security Act. We affirm.
I
Cotton testified that she had chronic fatigue, pain all over her body, worsening fibromyalgia, a sleep disorder, difficulty concentrating, and sometimes stayed in bed for days. She argues that the ALJ improperly discredited this testimony. However, the ALJ made specific findings stating clear and convincing reasons for-doing so based on the following: medical evidence that Cotton was histrionic, prone to dramatize and embellish symptoms; the ALJ’s own observations, which indicated that Cotton exaggerated the extent of her hearing loss; the absence of any physical disorders that might clinically produce symptoms of the severity claimed by Cotton; and the nature of Cotton’s daily activities, which included walking a mile four times a week as well as caring for and *771 training clogs, that exceeded her self-reported limitations. See Smolen v. Chater, 80 F.3d 1273, 1284 (9th Cir.1996) (stating requirement for rejecting credibility of an applicant’s testimony about the severity of impairments); Thomas v. Barnhart, 278 F.3d 947, 958-59 (9th Cir.2002) (noting that the ALJ may consider the applicant’s reputation for truthfulness, inconsistencies either in her testimony or between her testimony and her conduct, her daily activities, her work record, and testimony from physicians about the nature and severity of symptoms). These findings are supported by substantial evidence. See Thomas, 278 F.3d at 959 (“If the ALJ’s credibility finding is supported by substantial evidence in the record, we may not engage in second-guessing.”). Among other things, Cotton’s treating psychologist diagnosed her with histrionic personality disorder, a diagnosis that was confirmed by a reviewing psychologist and a medical expert who testified at the hearing.[1] There was no objective evidence of a back disorder, loss of motor strength, diminished reflexes, der-matomal loss of sensation, spasm, or loss of joint motion. Drs. McConochie, Mace, Lechnyr and Telew found no cognitive loss or impairment. Cotton’s occupational therapist noted Cotton’s abnormal response to all five of Waddell’s signs of non-organic pain, and found Cotton’s pain diagram was indicative of symptom magnification which could not be explained on an organic basis. Also, several medical reports indicated that Cotton had no medical need for the cane she carried. In addition, the ALJ observed that although Cotton was able to hear her attorney and respond to questions from the bench, she refused to attend the hearing without her special assistance hearing dog.
II
Cotton further challenges the ALJ’s failure to accept the disability opinions of treating physicians William Maier (a rheumatologist), James Morris (a pain management specialist), Nicholas Telew (a psychiatrist), and Ron Lechnyr (a clinical psychologist).[2] After considering and discussing the records of more than twenty medical providers, the ALJ rejected these particular opinions of disability because they were based primarily on self-reporting. Although an ALJ may not reject an uncontradicted medical opinion based on sheer disbelief, Benecke v. Barnhart, 379 F.3d 587, 594 (9th Cir.2004), “[a]n ALJ may reject a treating physician’s opinion if it is based to a large extent on a claimant’s self-reports that have been properly discounted as incredible.” Tommasetti v. Astrue, 533 F.3d 1035, 1041 (9th Cir.2008) (quotation marks omitted). As the ALJ properly discounted Cotton’s self-reports as incredible, she could reject medical opinions based on those self-reports. The ALJ accepted the testimony of Dr. Davis, a psychologist who reviewed the record and opined that Cotton had moderate restrictions in dealing with people, performing activities of daily life, social functioning, and maintaining concentration, persistence or pace. In sum, while some doctors concluded Cotton was disabled and unable to work, others indicated that at most she had moderate limitations and could sustain employment. In these circumstances, the Commissioner’s decision must be upheld because the evidence would support either outcome. Benton v. Barnhart, 331 F.3d 1030, 1035 (9th Cir.2003).
*772 III
Cotton maintains that fibromyalgia, diagnosed by her treating physicians, must be accepted as a “severe” impairment. A severe impairment is one that “significantly limits” a claimant’s “physical or mental ability to do basic work activities.” 20 C.F.R. § 404.1520(c). An ALJ must consider all of the evidence at Step Two to determine whether a medically determinable impairment significantly limits the claimant’s ability to perform basic work activities. Id. § 404.1520(a); Bowen v. Yuckert, 482 U.S. 137, 145, 107 S.Ct. 2287, 96 L.Ed.2d 119 (1987).
Fibromyalgia “is diagnosed entirely on the basis of patients’ reports of pain and other symptoms ... there are no laboratory tests to confirm the diagnosis.” Benecke, 379 F.3d at 590. In any event, the ALJ did conclude that Cotton should be limited to light work due to the possibility that she might have fibromyalgia. For this reason, any error in failing to include fibromyalgia as a severe impairment is harmless. See Lewis v. Astrue, 498 F.3d 909, 911 (9th Cir.2007) (holding that when an ALJ accounts for resulting limitations later in the sequential evaluation process, any error in finding the impairment non-severe at Step Two is harmless).
IV
Finally, Cotton faults the ALJ for discrediting her husband’s testimony. The ALJ must consider lay evidence, 20 C.F.R. § 404.1513(d)(4), and must give reasons germane to each witness to discount that witness’s testimony. Dodrill v. Shalala, 12 F.3d 915, 918 (9th Cir.1993). Lay witness observations may not be discounted on account of the applicant’s lack of credibility. Id. The ALJ concluded here that Larry Cotton’s testimony must be “significantly discounted” because Cotton herself was not credible and was histrionic. It was error to do so to the extent she discounted Larry Cotton’s testimony based on Cotton’s own lack of credibility. However, that error is hannless given the ALJ’s finding that Cotton was histrionic, for this disorder caused her to exaggerate and advertise her symptoms. Thus, Larry Cotton’s observations of Cotton were unreliable, even if they were true accounts of Cotton’s behavior and symptoms, because it would not be possible to tell whether Larry Cotton had observed the effects of fibromyalgia and fatigue, or the effects of his wife’s histrionic personality.
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9til Cir. R. 36-3.

. Cotton did not apply for disability on the basis of her histrionic personality disorder.

. For the purposes of this appeal, we assume that both Dr. Morris and Dr. Maier were treating physicians. However, this conclusion is not free from doubt, as the ALJ concluded that Dr. Morris was not a treating physician, and Dr. Maier saw Cotton only twice.