NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAR 21 2012

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FRANKLIN R. LEE,

               Plaintiff - Appellant,

   v.

MICHAEL J. ASTRUE,
Commissioner of Social Security,

             Defendant - Appellee.

No. 11-35244

D.C. No. 1:09-cv-06220-CL

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Oregon
Owen M. Panner, Senior District Judge, Presiding

Argued and Submitted March 5, 2012
Portland, Oregon

Before: W. FLETCHER, FISHER, and BYBEE, Circuit Judges.

     Franklin Lee appeals the decision of the district court affirming the final

determination of the Social Security Commissioner denying his claim for disability

benefits and supplemental security income under Titles II and XVI of the Social

Security Act. Because we find that the Administrative Law Judge's ("ALJ")

---

     [*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

decision was not based on legal error and was supported by substantial evidence, *Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1222 (9th Cir. 2009), we affirm.

Lee argues that "the ALJ failed to give clear and convincing reasons for rejecting [his] testimony." Where, as here, objective medical evidence establishes that the claimant suffers from an impairment that could reasonably produce the complained of symptoms, "an adverse credibility finding must be based on clear and convincing reasons." *Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1160 (9th Cir. 2008) (internal quotation marks omitted). In making the credibility determination, an ALJ may consider the course of treatment to determine whether allegations of a disability are credible, *see Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989) (finding that an "unexplained, or inadequately explained, failure to seek treatment or follow a prescribed course of treatment" is a valid basis to reject claimant testimony), as well as the testimony's compatibility with the medical evidence, *see Thomas v. Barnhart*, 278 F.3d 947, 959 (9th Cir. 2002) (holding that an ALJ may consider "testimony from physicians and third parties concerning the nature, severity, and effect of the symptoms of which [a] claimant complains" to evaluate a claimant's subjective complaints (internal quotation marks omitted)).

2

Finding that Lee's allegations about "the extent of his limitations . . . are not supported by the objective evidence to the degree alleged," the ALJ noted inconsistencies between Lee's complaints and medical evidence, as well as the lack of any ongoing treatment. Because the ALJ cited to several clear and convincing reasons for finding Lee's testimony not entirely credible, the ALJ did not err in discrediting Lee's subjective complaints.

Lee next argues that the ALJ erred in failing to include Lee's personality disorder as a "severe" impairment at Steps Two and Four of the sequential analysis. The record demonstrates, however, that the ALJ's failure to include Lee's personality disorder at Step Two—if error at all—was harmless, because the ALJ discussed Lee's personality disorder in the context of his residual functional capacity analysis after finding that Lee's other mental disabilities were severe. Where an ALJ fails to consider a disorder at Step Two, but nonetheless accounts for that disorder at Step Four in the residual functioning capacity analysis, any alleged error in failing to find the disorder "severe" at Step Two is harmless. *See Lewis v. Astrue*, 498 F.3d 909, 911 (9th Cir. 2007). Lee has therefore failed to show reversible error in the consideration of his personality disorder.

Lee next contends that the ALJ improperly discounted the opinion of his examining psychologist, Dr. Prescott, and instead credited the opinions of Dr.

3

Balsamo and Dr. Redner, both of whom also examined Lee. "The ALJ is responsible for determining credibility and resolving conflicts in medical testimony." *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). If a contradicted medical opinion is rejected, the ALJ must provide "specific and legitimate reasons supported by substantial evidence in the record" for that rejection. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995) (internal quotation marks omitted).

The ALJ noted that unlike other examining sources, Dr. Prescott "did not have the benefit of reviewing the claimant's record with [sic] history of learning disorder and cognitive disorder." Finding that the opinions of Dr. Balsamo and Dr. Redner exhibited "more comprehensive testing and evaluation of his overall history and record," the ALJ relied on their opinions attributing Lee's impairments to cognitive disorders, not to the depression cited by Dr. Prescott. The ALJ thus provided specific and legitimate reasons for discounting the contradicted opinion of Dr. Prescott.

Lee also contends that the ALJ erred by failing to acknowledge treating physician Dr. Phillips's observation that Lee may suffer from cognitive defects or mental retardation, and that Lee appeared to have memory problems. The ALJ, however, did consider Dr. Phillips's report regarding Lee's poor memory and gave

4

that report little weight, noting that Dr. Phillips "did not record any medical findings and noted [that Lee] would require a psychological evaluation for possible cognitive deficits." The ALJ's decision to afford the report of Dr. Phillips little weight is supported by substantial evidence as even Dr. Phillips was hesitant to make any medical findings about Lee.

Lee next argues that the ALJ improperly discounted the lay witness statements of Darlene Reasoner, Lee's mother-in-law. The ALJ discounted Reasoner's statement (identified by the ALJ as "reports provided by . . . third parties") because her characterization of Lee's limitations "is not supported by the objective evidence," including the medical evidence. Because the ALJ articulated a valid reason for rejecting Reasoner's statement, and that reason is supported by substantial evidence, the ALJ did not err in discounting Reasoner's report.

Finally, Lee argues that if his testimony and medical evidence were credited, and therefore incorporated into the hypothetical posed to the vocational expert, the expert would have found that Lee would have been unable to perform work in the national economy. Because we affirm the ALJ's consideration of the evidence, we likewise reject Lee's challenge to the conclusion provided by the vocational expert.

In sum, we do not find any legal error or that the evidence was insufficient to support the ALJ's determination. *Bray*, 554 F.3d at 1222. We note, however,

5

that Lee has a history of losing jobs after holding them for only a short period of time. If that pattern continues, and if he were to then file a subsequent application for benefits, that continued pattern would present a new issue related to Lee's claim for disability and would preclude the application of res judicata based on the present adjudication. *See Vasquez v. Astrue*, 572 F.3d 586, 597 n.9 (9th Cir. 2009) ("[A]ll an applicant has to do to preclude the application of res judicata is raise a new issue in the later proceeding.").

AFFIRMED.