FILED

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

OCT 10 2013

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| WENDY JEROME, | No. 12-35409 |
| Plaintiff - Appellant, | D.C. No. 4:09-cv-00020-SEH |
| v. | |
| CAROLYN W. COLVIN, Commissioner of Social Security, | MEMORANDUM[*] |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the District of Montana
Sam E. Haddon, District Judge, Presiding

Submitted October 7, 2013[**]
Portland, Oregon

Before: SILVERMAN, W. FLETCHER, and CALLAHAN, Circuit Judges.

Wendy Jerome appeals the district court's grant of summary judgment in

favor of the Commissioner's denial of disability benefits.  We have jurisdiction

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

pursuant to 28 U.S.C. § 1291 and review the administrative decision for substantial evidence. *Molina v. Astrue*, 674 F.3d 1104, 1110-11 (9th Cir. 2012). We affirm.

Jerome asserts that the ALJ: (1) erred when he failed to deem her right arm paresthesia, her cervical stenosis, and her urinary stress incontinence as "severe" impairments; (2) erred when he rejected her treating physician's opinion that she could only occasionally use her right hand and had severe limitations on her ability to stand and walk; (3) erred in his determination as to her credibility; and (4) erred in his rejection of the conclusions reached by the vocational expert when she was asked to compare Jerome's limitations to a hypothetical situation posed to her.

First, even if we were to hold that the ALJ committed legal error by finding that Jerome's right-arm paresthesia and cervical stenosis were not severe, such error would be harmless. The ALJ found that Jerome's HIV and spinal fracture were severe impairments, and then considered evidence of *all* her impairments at step four. The fact that the ALJ discussed both Jerome's severe and non-severe impairments at step four renders the distinction between severe and non-severe impairments legally immaterial, and thus any alleged error was harmless. *Lewis v. Astrue*, 498 F.3d 909, 911 (9th Cir. 2007) (holding that where the ALJ considered evidence of limitations posed by claimant's bursitis at step four of the disability analysis, any error in failing to consider bursitis "severe" at step two was

harmless).  The ALJ's failure to explicitly address Jerome's urinary stress incontinence was likewise harmless because the limitations caused by this impairment were incorporated into her residual functional capacity and it was thus "irrelevant to the ALJ's ultimate disability conclusion."  *Stout v. Comm'r*, 454 F.3d 1050, 1055 (9th Cir. 2006).

Second, the ALJ did not err in rejecting the opinion of Jerome's treating physician.  The ALJ found material incongruities between the opinion that the treating physician offered in the social security questionnaire and that which she expressed in her personal records of Jerome's treatment.  This provided the ALJ sufficient justification to reject the opinion.  *See Tommasetti v. Astrue*, 533 F.3d 1035, 1041 (9th Cir. 2008); *Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005).

Third, the ALJ did not err in deciding to discredit Jerome's subjective statements concerning the intensity, persistence, and limiting effects of her impairments.  An ALJ's credibility determination must be based on specific findings supported by substantial evidence and clear and convincing reasons.  *Tommasetti*, 533 F.3d at 1039.  Here, the ALJ provided a convincing explanation for his credibility findings by pointing to the numerous instances in the adjudicatory record where Jerome's subjective complaints were not supported by

the objective medical record. The ALJ's findings are sufficiently specific to show that the credibility determination was not arbitrary and was supported by substantial evidence with clear and convincing reasons. *Tommasetti*, 533 F.3d at 1039–40.

Lastly, the ALJ refused to accept that the work limitations set forth in a hypothetical posed to the vocational expert were an accurate description of Jerome's own limitations. This was not an error. "An ALJ is free to accept or reject restrictions in a hypothetical question that are not supported by substantial evidence." *Osenbrock v. Apfel*, 240 F.3d 1157, 1164-65 (9th Cir. 2001). Because the hypothetical depended on the opinion of the treating physician (which the ALJ rejected) and on Jerome's own testimony (which the ALJ found to be not fully credible), it was not supported by substantial evidence and the ALJ was therefore free to reject it.

AFFIRMED.