

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| MICHELLE GARCIA, | No. 12-16911 |
| Plaintiff - Appellant, | D.C. No. 2:10-cv-03164-KJN |
| v. | |
| COMMISSIONER OF SOCIAL SECURITY, | MEMORANDUM[*] |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the Eastern District of California
Kendall J. Newman, Magistrate Judge, Presiding

Submitted October 8, 2014[**]
San Francisco, California

Before: W. FLETCHER and WATFORD, Circuit Judges, and DUFFY, Senior
District Judge.[***]

---

[*]      This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]      The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]      The Honorable Kevin Thomas Duffy, Senior District Judge for the
U.S. District Court for the Southern District of New York, sitting by designation.

**1.** Michelle Garcia's objections to the ALJ's treatment of conflicting medical testimony do not provide a basis for reversal. The ALJ rejected the opinion of Garcia's treating psychologist, Dr. William Taetzsch—the only medical expert to conclude Garcia was entirely unfit for work—as an outlier "so extreme as to appear implausible." Ordinarily, a treating physician's opinion outweighs a non-treating physician's opinion. *See Lester v. Chater*, 81 F.3d 821, 830–31 (9th Cir. 1996). But in this case, the ALJ rejected Dr. Taetzsch's opinion in favor of the examining physicians' opinions for "specific and legitimate" reasons supported by substantial evidence. *Id*. at 830. The ALJ fairly decided that Dr. Taetzsch's conclusory determinations that Garcia had, for instance, poor or no ability to deal with work stresses and to perform work activities, are unsupported by Dr. Taetzsch's own notes, which almost exclusively concern Garcia's relationship with her son and her physical health and provide almost no analysis. The ALJ reasonably gave controlling weight to the three other independent medical opinions, because they were consonant with Garcia's broader medical history. Nothing in that history suggests Garcia cannot sit, stand, or lift light weights throughout a workday. Indeed, the ALJ noted that her "limping gait" on the way into the exam room, which would have corroborated her claims, disappeared in the parking lot when she no longer thought she was being observed.

**2.** Substantial evidence also supports the ALJ's decision to give little weight to Garcia's testimony in assessing her residual functional capacity to perform light work. The ALJ properly relied on "ordinary techniques of credibility evaluation," including inconsistencies across statements, inconsistencies between statements and conduct, inadequately explained failure to follow prescribed courses of treatment, and daily activities at odds with alleged symptoms. *See Molina v. Astrue*, 674 F.3d 1104, 1112–13 (9th Cir. 2012). The ALJ found Garcia's testimony that she is dependent on the services of others and unable to do anything but sleep and watch television to be inconsistent with many of her earlier statements suggesting that she was relatively independent. The ALJ further noted that Garcia underwent a battery of diagnostic tests for her allegedly debilitating musculoskeletal pain that yielded few objective findings, and that she proved consistently uncooperative with medical professionals and unwilling to comply with prescribed treatments, even when they were effective. Quoting Dr. Taetzsch's opinion, Garcia suggests that her lack of effort during examinations is a product of her depression and chronic pain, but, as we have already noted, the ALJ found that Dr. Taetzsch's opinion relied on few or no objective clinical findings.

The ALJ's reasons for discrediting Garcia's subjective pain and symptom testimony are clear and convincing. *See Lingenfelter v. Astrue*, 504 F.3d 1028,

1036–37 (9th Cir. 2007). As a result, we may not second-guess the ALJ's credibility determinations. *Fair v. Bowen*, 885 F.2d 597, 604 (9th Cir. 1989).

**3.** Garcia claims it was reversible error for the ALJ not to identify her depression as "severe" at step two in the sequential evaluation of disability. This claim amounts to a restatement of Garcia's argument regarding the ALJ's treatment of conflicting mental health testimony. Garcia contends that the ALJ's alleged error at step two "could change the outcome of the case" because Dr. Taetzsch's opinion stated that her depression and pain made her emotionally fragile and unpredictable and severely impaired her ability to adjust to the workplace. We have noted that the ALJ reasonably discounted Dr. Taetzsch's opinion. But even if the ALJ did err in failing to identify Garcia's depression as "severe" at step two, that error was harmless. *See Lewis v. Astrue*, 498 F.3d 909, 911 (9th Cir. 2007). Garcia prevailed at step two, and the ALJ proceeded through the entire sequential analysis, carefully considering all of Garcia's mental health records in assessing her residual functional capacity.

**4.** Garcia also claims that the ALJ erred in his residual functional capacity assessment by failing to consider all of her functional limitations and the effect of certain limitations on the occupational base for light work. Substantial evidence supports the ALJ's residual functional capacity assessment. The ALJ weighed

Garcia's entire medical history and the credible opinions of examining and treating physicians to find Garcia capable of a wide range of light work. The ALJ concluded that her mental and physical limitations, including her limited capacity to work with others and to work amid fumes and dust, did not significantly erode the base of unskilled light work with limited or no public contact for which Garcia was otherwise qualified. Such light work generally requires interaction with objects rather than people, and most work environments lack the fumes and dust that would exacerbate Garcia's pulmonary deficiencies. *See* SSR 85-15, 1985 WL 56857, at *4, *8.

**5.** The ALJ properly declined to call a vocational expert, as Garcia's non-exertional limitations were insufficiently severe to render the grids inapplicable. *See Hoopai v. Astrue*, 499 F.3d 1071, 1076 (9th Cir. 2007). In *Hoopai*, the ALJ determined, without consulting a vocational expert, that a severe combination of low back pain and moderate depression did not render Hoopai ineligible to perform a wide range of light work. *Id*. at 1076–77. The ALJ reached the same conclusion about Garcia in this case. Therefore, even if this case were distinguishable from *Hoopai*, as Garcia urges, because the ALJ did not explicitly identify depression at step two, *Hoopai* would not command a different result.

**AFFIRMED.**