NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

AUG 27 2020

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

THERESA TODD,

Plaintiff-Appellant,

v.

ANDREW M. SAUL, Commissioner of
Social Security,

Defendant-Appellee.

No.    18-35503

D.C. No. 2:17-cv-00199-RHW

MEMORANDUM*

Appeal from the United States District Court
for the Eastern District of Washington
Robert H. Whaley, District Judge, Presiding

Argued and Submitted July 10, 2020
Portland, Oregon

Before:  M. MURPHY,** BENNETT, and MILLER, Circuit Judges.

Theresa Todd appeals the district court's order granting summary judgment

in favor of the Commissioner of Social Security on her claim for disability

benefits, which the administrative law judge ("ALJ") denied. We have jurisdiction

---

*        This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

**        The Honorable Michael R. Murphy, United States Circuit Judge for
the U.S. Court of Appeals for the Tenth Circuit, sitting by designation.

under 28 U.S.C. § 1291, and we affirm.

We review a district court's decision relating to social security disability benefit determinations de novo. *Hill v. Astrue*, 698 F.3d 1153, 1158 (9th Cir. 2012); *Molina v. Astrue*, 674 F.3d 1104, 1110 (9th Cir. 2012). However, the scope of our review of an ALJ's decision is limited. We consider whether the ALJ's findings were supported by substantial evidence, which is "more than a scintilla but less than a preponderance." *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). This review is "highly deferential." *Valentine v. Comm'r Soc. Sec. Admin.*, 574 F.3d 685, 690 (9th Cir. 2009). "Where evidence is susceptible to more than one rational interpretation, it is the ALJ's conclusion that must be upheld." *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005).

Todd raises five challenges to the ALJ's denial of benefits: (1) the ALJ's finding that Todd's symptom testimony was less than credible; (2) the ALJ's assignment of "little" and "very little" weight to a number of findings by Mara Fusfield, a treating nurse practitioner ("NP Fusfield"); (3) the ALJ's determination that Todd's fibromyalgia was not medically determinable; (4) the ALJ's conclusion, at step three, that Todd did not meet the criteria for presumptive disability under Listing 1.02-major joint disfunction; and (5) the ALJ's step four determination that Todd was not disabled, because given her residual functional capacity, she was capable of returning to her previous relevant work.

The ALJ identified four bases for finding Todd's symptom testimony less than credible. Where there is no evidence of malingering, the ALJ's rejection of subjective symptom testimony must be accompanied by clear and convincing reasons for doing so. *Garrison v. Colvin*, 759 F.3d 995, 1014–15 (9th Cir. 2014). We uphold two of the four bases relied upon by the ALJ. The positive effects of Todd's treatment, accompanied by the lack of objective medical evidence supporting the claimed severity of Todd's limitations, adequately support the ALJ's finding that Todd's symptom testimony was less than credible.

We find, however, that there is no rational basis for the ALJ's credibility determination based on her finding that Todd's claimed daily activities were inconsistent with those described in Todd's previous function report. At most, the differences were minor and inconsequential. We also find, and the Commissioner concedes, that the ALJ's finding that Todd's previous DUIs rendered her testimony less than credible was erroneous.

Nevertheless, "the ALJ's decision remains legally valid," *Carmickle v. Comm'r., Soc. Sec. Admin.*, 533 F.3d 1155, 1162 (9th Cir. 2008), as the two remaining bases provided by the ALJ are valid. *See Molina*, 674 F.3d at 1115 (stating that providing some invalid reasons for disbelieving a claimant's testimony is harmless error if the ALJ also provided valid reasons for the same conclusion).

At the time of Todd's hearing, NP Fusfield's opinions were classified as an

"other" medical source. 20 C.F.R. §§ 404.1513(d)(1) (2013), 416.913(d)(1) (2013). Thus, the ALJ could discount NP Fusfield's opinions if the ALJ provided specific and germane reasons for doing so. *See Molina*, 674 F.3d at 1111. Here, the ALJ properly provided specific and germane reasons for discounting NP Fusfield's proffered opinions. The opinions that the ALJ discounted relied on Todd's symptom reports and were not supported by medical evidence, *see Tommasetti v. Astrue*, 533 F.3d 1035, 1041 (9th Cir. 2008) (stating that an opinion may be discounted "if it is based to a large extent on a claimant's self-reports" (internal quotation marks omitted)), and improperly concluded that Todd was disabled (an issue reserved for the Commissioner), 20 C.F.R. §§ 404.1527(d)(1), 416.927(d)(1).

Substantial evidence supports the ALJ's finding that Todd's fibromyalgia was not medically determinable and therefore not "severe." To find a claimant's fibromyalgia medically determinable, an ALJ must find (1) that the claimant had a history of widespread pain that persisted for at least three months; (2) that the claimant had at least 11 positive tender points; and (3) evidence excluding other disorders that could have caused the symptoms or signs. SSR 12-2P *available at* 2012 WL 3104869, *2–3. The ALJ reasonably interpreted the evidence in finding that other disorders that could cause the symptoms were not excluded, and it is not our role to second-guess this finding. *Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001). We must uphold the ALJ's finding as it is "supported by inferences

4

reasonably drawn from the record." *Molina*, 674 F.3d at 1111. We also note that any error in the ALJ's finding was harmless because the ALJ made it clear that she considered the reported pain "regardless of the diagnosis" in determining Todd's residual functional capacity. *See Lewis v. Astrue*, 498 F.3d 909, 911 (9th Cir. 2007) (holding that a failure to consider an impairment in step two is harmless when its effects are considered in step four—the determination of applicant's residual functional capacity).

While the ALJ's findings relating to whether Todd met or exceeded the criteria for presumptive disability under the Commissioner's Listing 1.02 were not detailed, the ALJ discussed and evaluated the relevant record evidence in her decision, including the relevant evidence Todd cited to the district court and on appeal. The ALJ's finding that the available objective evidence was insufficient to show that Todd had a major disfunction of a joint that met or equaled Listing 1.02 was reasonable and supported by substantial evidence. While Todd points to opinion evidence from Dr. Burkett (a medical professional who reviewed Todd's case after the ALJ issued her decision) that may suggest a different conclusion, it does not require one. And, "where the evidence is susceptible to more than one rational interpretation," we must uphold the ALJ's decision. *Burch*, 400 F.3d at 680–81 (citation omitted).

Finally, we conclude that the ALJ did not err in finding, based on testimony

from a vocational expert, that Todd could perform her past relevant work given her assessed residual functional capacity ("RFC"). As an initial matter, we find that Todd's argument that the ALJ erred in not applying the Medical-Vocational Guidelines (the "grids") at step four fails, as "[t]he grids are applied at the fifth step of the analysis." *Lounsburry v. Barnhart*, 468 F.3d 1111, 1114 (9th Cir. 2006). The ALJ had no reason to apply the grids at step four when considering whether Todd could perform her previous relevant work given her RFC. *See* 20 C.F.R. §§ 404.1520(a)(4)(iv), 404.1520(f), 416.920(f); *see also Berry v. Astrue*, 622 F.3d 1228, 1231 (9th Cir. 2010).

Todd also argues that her RFC limitations conflict with the requirements of the "cleaner housekeeping" occupation as described in the *Dictionary of Occupational Titles*, specifically that her RFC limitation to "occasionally reach[ing] overhead" conflicts with the *Dictionary*'s statement that the "cleaner housekeeping" role reaches frequently. DOT 323.687-014, 1991 WL 672783.[1] As we have found, however, "not every job that involves reaching requires the ability to reach *overhead*." *Gutierrez v. Colvin*, 844 F.3d 804, 808 (9th Cir. 2016) (emphasis added). While the "cleaner housekeeping" occupation may require

---

[1] Todd also claims that the ALJ erred in not making any assessment of whether she could perform the job functions of hotel clerk. We decline to address this argument as the ALJ properly found that Todd was able to return to a "cleaner housekeeping" job.

frequent reaching, it does not apparently and obviously require frequent overhead reaching. There is no apparent and obvious conflict between the testimony from a vocational expert that a person with Todd's RFC could perform the "cleaner housekeeping" job, which the ALJ accepted, and the *Dictionary*'s general definition of duties. We find no error in the ALJ's conclusion that Todd could carry out her past "cleaner housekeeping" work.

**AFFIRMED**.