NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

DEC 31 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| KARINA ELIZABETH CORRALEJO,<br><br>Plaintiff-Appellant,<br><br>v.<br><br>FRANK BISIGNANO, Commissioner of Social Security,<br><br>Defendant-Appellee. | No. 25-2250<br><br>D.C. No.<br>2:22-cv-00673-DMC<br><br>MEMORANDUM* |

Appeal from the United States District Court
for the Eastern District of California
Dennis M. Cota, Magistrate Judge, Presiding

Submitted November 18, 2025
San Francisco, California

Before: BOGGS**, BRESS, and MENDOZA, Circuit Judges.

Karina Corralejo appeals the district court's order affirming the denial of her

application for Supplemental Security Income and Disability Insurance Benefits.

She contends that the Administrative Law Judge ("ALJ") erred at multiple stages of

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The Honorable Danny J. Boggs, United States Circuit Judge for the Sixth Circuit U.S. Court of Appeals, sitting by designation.

the five-step analysis used to assess whether a claimant is disabled. 20 C.F.R. § 416.920. Because none of these arguments has merit, we affirm.

1. Social Security regulations create a five-step sequential evaluation process to determine whether an individual is disabled and entitled to benefits. 20 C.F.R. §§ 404.1520, 416.920. The Social Security Act provides that "[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). Substantial evidence, while requiring more than a mere scintilla, asks only whether a reasonable mind could accept the evidence as adequate to support the conclusion. *Biestek v. Berryhill*, 587 U.S. 97, 103 (2019). Review is thus highly deferential. Indeed, if "evidence is susceptible to more than one rational interpretation, the ALJ's decision must be affirmed." *Smartt v. Kijakazi*, 53 F.4th 489, 494 (9th Cir. 2022) (internal quotation marks omitted).

2. Neither party contests the ALJ's step-one determination, so we begin at step two: is the individual's condition medically severe? While the ALJ did find that Corralejo had the severe impairment of diabetes mellitus, Corralejo argues that the ALJ's determination that she had no other severe impairments was arbitrary and unsupported by substantial evidence. That argument fails; we do not reverse for step-two errors unless they also affect the ALJ's analysis of the claimant's residual functional capacity ("RFC") for work in relation to steps four and five and could

affect the ultimate determination. *Lewis v. Astrue*, 498 F.3d 909, 911 (9th Cir. 2007); *Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1055 (9th Cir. 2006). Here, any alleged step-two error with respect to other conditions was immaterial because the ALJ correctly considered only diabetes in his RFC analysis.

In formulating an RFC, the ALJ is only required to consider functional limitations that the claimant establishes. *See, e.g.*, *Burch v. Barnhart*, 400 F.3d 676, 684 (9th Cir. 2005). Corralejo testified at her hearing that she stopped working due to diabetes and pregnancy, and that nothing besides diabetes would keep her from working again. She also did not assert during the administrative process that anything other than variable blood sugar and a bone island in her left knee limited her functioning, claiming that the latter left her unable to walk more than half a block without pain. With respect to the knee pain, however, "a claimant who alleges disability based on subjective symptoms must produce objective medical evidence of an underlying impairment which could reasonably be expected to produce the pain or other symptoms alleged." *Smolen v. Chater*, 80 F.3d 1273, 1281 (9th Cir. 1996) (internal quotations omitted). Corralejo has produced no objective evidence of this underlying bone island. Thus, the ALJ only needed to consider diabetes in his RFC analysis, which he did.

3.  At step three, the ALJ must ask whether the claimant's severe and non-severe medical conditions, by themselves or in combination, meet or equal the

severity of a listing of medical criteria that is set forth in The Listing of Impairments, 20 C.F.R., Part 404, Subpart P, Appendix 1 ('the Appendix'). *See Tackett v. Apfel*, 180 F.3d 1094, 1099 (9th Cir. 1999). Here, the ALJ found that they did not, and we find no error in that determination. Corralejo has nowhere explained how her diabetes, by itself or in combination with other impairments, meets or medically equals any body-system listing.

Corralejo nevertheless argues that the ALJ's step-three discussion was mere boilerplate, and she cites *Lewis v. Apfel*, 236 F.3d 503, 507 (9th Cir. 2001), for the proposition that boilerplate is insufficient to support a step-three finding. But there is no step-three error where a claimant "offer[s] no theory . . . as to how [her conditions] combine[] to equal a listed impairment." *Id.* at 514. Corralejo has not identified any specific listing the ALJ should have considered. While she contends for the first time in her reply brief that the ALJ had an independent duty to find an applicable listing, that argument is waived. *Greenwood v. F.A.A.*, 28 F.3d 971, 977 (9th Cir. 1994) ("We review only issues which are argued specifically and distinctly in a party's opening brief.").

4.      The ALJ then proceeded to determine Corralejo's RFC for steps four and five of the analysis. He found that Corralejo had the RFC to perform medium-exertion work as defined by 20 C.F.R. § 416.967(c), "except that she is limited to frequent bilateral fingering" and could not climb any surfaces or be exposed to even

moderate hazards such as unprotected heights. Substantial evidence supported the ALJ's RFC assessment. The ALJ drew heavily from the RFC conclusions in Dr. Schwartz's consultative examination. Corralejo does not question its reliability in her opening brief and thus forfeits any such argument. *Greenwood*, 28 F.3d at 977. To the extent that there is evidence that might undercut the ALJ's RFC finding, it consists almost entirely of the claimant's own testimony and is inconsistent with the medical records, which show normal physical-examination results. Corralejo has forfeited any argument that the ALJ improperly discounted her subjective statements by failing to raise the point below or in her opening brief.

5. On appeal, Corralejo does not challenge the ALJ's step-four determination that she had no past relevant work, so we continue to step five. Corralejo's objection to the ALJ's analysis at this step is that it "relied on a legally insufficient RFC." Hence, she raises no independent step-five argument.

**AFFIRMED.**