**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FEB 13 2026

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ERIC H. VALVERDE, | No. 25-753 |
| Plaintiff - Appellant, | D.C. No. 5:24-cv-01911-SVK |
| v. | MEMORANDUM[*] |
| FRANK BISIGNANO, Commissioner of Social Security, | |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the Northern District of California
Susan G. Van Keulen, Magistrate Judge, Presiding

Submitted February 10, 2026[**]
San Francisco, California

Before: GOULD, FRIEDLAND, and MILLER, Circuit Judges.

Eric Valverde appeals the district court's order affirming the denial of his application for Social Security disability benefits. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

We review the district court's decision de novo and will sustain the agency's decision unless it is unsupported by substantial evidence or is based on legal error. *Woods v. Kijakazi*, 32 F.4th 785, 788 (9th Cir. 2022).

1. Valverde argues that the ALJ erred by finding that his depressive disorder was not severe at step two of the five-step sequential evaluation process. The ALJ resolved step two in Valverde's favor, finding that he had multiple severe impairments. And the ALJ discussed Valverde's mental limitations at step four, finding that they were "mild or less" and did not create any additional functional limitations. Because the ALJ considered all impairments at step four, any error in failing to identify them as severe at step two would have been harmless. *See Lewis v. Astrue*, 498 F.3d 909, 911 (9th Cir. 2007).

In any event, substantial evidence supports the ALJ's determination that Valverde's depression was not a "severe" impairment. *See* 20 C.F.R. § 404.1505(a). Applying the standards for mental impairment, the ALJ gave specific reasons, grounded in the record, for concluding that "the record is not consistent with" a finding of "durationally severe limitations" caused by depression. *See id.* § 404.1520a. Valverde's medical reports showed that he had for a time experienced depression and suicidal thoughts. But other evidence showed that Valverde's depression did not affect his cognitive abilities or his ability to take care of daily tasks such as shopping, driving, and managing his own money.

Valverde remained able to go "out for coffee or food" with others a "[f]ew times per week," and to pursue his hobbies of hiking and photography. He could follow written instructions "[v]ery well" and got along with authority figures, including supervisors, "[w]ell." The ALJ found that Valverde received no medical care for depression, and there is no evidence that Valverde sought mental health treatment during the period in which he claims his disorder was disabling. *See Burch v. Barnhart*, 400 F.3d 676, 681 (9th Cir. 2005) (failing to seek treatment is "powerful evidence regarding the extent" of reported symptoms).

Valverde argues that two pieces of evidence—Dr. Jacklyn Chandler's finding of "moderate" difficulty with social interaction and a medical record showing a delay in insurance authorization for mental health care—compel a finding of severe impairment. But "the ALJ is charged with determining credibility and resolving the conflict" in a record that "contains conflicting medical evidence," and the ALJ's evaluation of the record was reasonable. *Chaudhry v. Astrue*, 688 F.3d 661, 671 (9th Cir. 2012) (quoting *Benton v. Barnhart*, 331 F.3d 1030, 1040 (9th Cir. 2003)). The ALJ found Dr. Chandler's opinion only "partially persuasive," and her decision includes "clear and convincing reasons that are supported by substantial evidence" why Valverde's depressive disorder caused him "minimal" limitations, rather than the moderate social-interaction limitation Dr. Chandler identified. *Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005).

Similarly, the medical record showing that Valverde was waiting for insurance authorization for mental health care in July 2018 is not conclusive evidence that Valverde could not afford treatment many months later. If "the evidence is 'susceptible to more than one rational interpretation, it is the ALJ's conclusion that must be upheld.'" *Farlow v. Kijakazi*, 53 F.4th 485, 488 (9th Cir. 2022) (quoting *Burch*, 400 F.3d at 679).

2. Valverde contends that the ALJ improperly rejected his subjective symptom testimony in assessing his residual functional capacity for work. An ALJ may reject subjective pain and symptom testimony only after giving "specific, clear, and convincing reasons" that explain "why the medical evidence is *inconsistent* with the claimant's subjective symptom testimony." *Ferguson v. O'Malley*, 95 F.4th 1194, 1200 (9th Cir. 2024). The ALJ found that the medical record and Valverde's own testimony undercut his subjective symptom testimony.

The ALJ relied on medical records that are inconsistent with Valverde's "statements concerning the intensity, persistence and limiting effects" of his symptoms. The ALJ reasonably found that the "intermittent and generally minimal" findings reported during physical examinations, the "mild to moderate" impairment shown on medical imaging, and the treating doctors' choice of conservative treatment for back pain conflicted with Valverde's alleged level of pain and limitation. The ALJ also reasonably relied on the unanimous opinion of

the state agency medical consultants who concluded, after reviewing Valverde's imaging and other medical records, that Valverde would be able to stand and walk at least six out of every eight hours. "Contradiction with the medical record is a sufficient basis for rejecting the claimant's subjective testimony." *Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1161 (9th Cir. 2008).

Additionally, in evaluating the credibility of symptom testimony, the ALJ may consider "ordinary techniques of credibility evaluation," such as "the claimant's daily activities." *Smolen v. Chater*, 80 F.3d 1273, 1284 (9th Cir. 1996). Although Valverde testified at his hearing that his back pain was so severe that he could sit for "maybe five to ten minutes" and walk for "a few minutes" at a time, Valverde had until two weeks before the hearing been working 32 hours a week as a security guard, patrolling on foot and in his car. Valverde drove an hour each way to work. Although Valverde argues that the security guard employment should be disregarded because he had several absences because of pain over the course of about two months, the ALJ could reasonably find that his ability to do that job for most of the two months undermined his testimony about the severity of his symptoms. Accordingly, the ALJ reasonably concluded that the evidence conflicted with Valverde's alleged level of pain and limitation.

3. Valverde argues that the ALJ presented an incomplete hypothetical to the vocational expert. Because, as explained above, the ALJ did not err in assessing

Valverde's mental limitations, the hypothetical she posed to the vocational expert was not incomplete. *See Stubbs-Danielson v. Astrue*, 539 F.3d 1169, 1175–76 (9th Cir. 2008).

**AFFIRMED.**