

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| LUCY A. STEPHENS, | No.   15-15253 |
| Plaintiff-Appellant, | D.C. No.<br>2:13-cv-00096-JAD-PAL |
| v. | |
| CAROLYN W. COLVIN, Commissioner of Social Security Administration, | MEMORANDUM[*] |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the District of Nevada
Jennifer A. Dorsey, District Judge, Presiding

Submitted December 13, 2016[**]
San Francisco, California

Before:  O'SCANNLAIN, GOULD, and M. SMITH, Circuit Judges.

Lucy Stephens appeals the district court's judgment affirming the

Commissioner of Social Security's denial of her applications for social security

disability insurance benefits and supplemental security income.  Stephens argues

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

that: (1) the administrative law judge (ALJ) erred by not evaluating all of her severe impairments at step two and not incorporating nonexertional limitations in her residual functional capacity (RFC) at step four; (2) the ALJ improperly evaluated medical opinion evidence; (3) the ALJ improperly discounted the credibility of her testimony; (4) the magistrate judge and the Commissioner impermissibly engaged in *post hoc* rationalization; and (5) we should remand for payment of benefits.

We have jurisdiction pursuant to 28 U.S.C. § 1291. Reviewing the district court's decision de novo and the determination of the ALJ for substantial evidence, *Garrison v. Colvin*, 759 F.3d 995, 1009–10 (9th Cir. 2014), we affirm.

1.      Assuming the ALJ erred at step two by not addressing whether Stephens's chronic pain syndrome was a severe impairment, the error was harmless. The ALJ considered the associated limitations in the RFC assessment at step four. *See Lewis v. Astrue*, 498 F.3d 909, 911 (9th Cir. 2007). The ALJ's RFC assessment reflects that he considered any limitations posed by chronic pain syndrome, and the record does not show evidence of functional limitations that the ALJ did not consider. The ALJ did not err in failing to include Stephens's fatigue as a severe impairment because it was not supported by the medical record. *See* 20 C.F.R. § 416.908; *Ukolov v. Barnhart*, 420 F.3d 1002, 1005 (9th Cir. 2005).

2

2.      The ALJ gave specific and legitimate reasons that are supported by substantial evidence for the weight he accorded to medical opinions from Stephens's treating, examining, and non-examining physicians. *See Van Nguyen v. Chater*, 100 F.3d 1462, 1466 (9th Cir. 1996).   The ALJ sufficiently explained why he gave substantial weight to Dr. Dhaliwal's assessment, which was based on Dr. Sherman's examination and Stephens's cumulative medical records, but discounted Dr. Elkanich's opinion regarding Stephens's pre-surgery limitations and Dr. Witt's opinion that did not set forth specific work-related functional limitations.  None of Stephens's treating physicians gave an opinion on the ultimate issue of disability, and no physician opined that she was wholly precluded from working.

3.      The ALJ did not err in finding Stephens less than credible as to the intensity, persistence, and limiting effects of her symptoms to the extent that her testimony was inconsistent with the ALJ's RFC assessment.  The ALJ provided "specific, clear, and convincing reasons" in finding Stephens's testimony not fully credible. *Burrell v. Colvin*, 775 F.3d 1133, 1137 (9th Cir. 2014).  The ALJ found Stephens's symptom testimony inconsistent with medical records showing mild findings, her reported improvement after a cervical spine surgery, the opinion that Stephens's pain was well controlled by medication, and the opinion of a medical examiner. *See Parra v. Astrue*, 481 F.3d 742, 750–51 (9th Cir. 2007).

4. Stephens's other arguments, that the magistrate judge and the Commissioner engaged in *post hoc* rationalization and that she is entitled to remand for payment of benefits, are without merit.

We conclude that the ALJ's findings are supported by substantial evidence in the record, and any errors are harmless.

**AFFIRMED.**