**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

EMILY COATY,

    Plaintiff-Appellant,

v.

CAROLYN W. COLVIN, Commissioner
Social Security Administration,

    Defendant-Appellee.

No. 15-35350

D.C. No. 1:13-cv-01348-AA

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Oregon
Ann L. Aiken, District Judge, Presiding

Submitted January 19, 2017[**]

Before: PREGERSON, LEAVY and OWENS, Circuit Judges.

  Emily Coaty appeals pro se the district court's judgment affirming the

Commissioner of Social Security's denial of her application for disability

insurance benefits under Title II of the Social Security Act. We have jurisdiction

---

  [*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

  [**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

under 28 U.S.C. § 1291. We review de novo, *Ghanim v. Colvin*, 763 F.3d 1154, 1159 (9th Cir. 2014), and we affirm.

The administrative law judge (ALJ) provided specific, clear, and convincing reasons for finding that Coaty's testimony and other statements were not fully credible. Those reasons included Coaty's failure to recall details of her functional abilities, Coaty's reported activities of daily living, and the lack of corroborating objective medical findings. *See Molina v. Astrue,* 674 F.3d 1104, 1112–13 (9th Cir. 2012) (affirming the ALJ's adverse credibility determination where the claimant's symptom testimony was "inconsistent with her daily activities throughout the disability period."); *Tommasetti v. Astrue*, 533 F.3d 1035, 1040 (9th Cir. 2008) (affirming an ALJ's adverse credibility determination where the claimant "was a vague witness with respect to the alleged period of disability and pain symptoms.") (internal quotation marks omitted); *Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001) ("While subjective pain testimony cannot be rejected on the sole ground that it is not fully corroborated by objective medical evidence, the medical evidence is still a relevant factor in determining the severity of the claimant's pain and its disabling effects.").

The ALJ provided specific and legitimate reasons, supported by substantial evidence, for giving little weight to the opinion of rheumatologist W. Clay

McCord, who only began treating Coaty in June 2011. McCord offered a retrospective opinion that Coaty's fibromyalgia had led to Coaty's disability, beginning in 2007. In rejecting McCord's assessment, the ALJ reasoned that McCord's opinion was speculative and inconsistent with Coaty's activities of daily living during the relevant period, and that contemporaneous medical records from the relevant period made no mention of symptoms of fibromyalgia. *See Tidwell v. Apfel*, 161 F.3d 599, 602 (9th Cir. 1999) (affirming the ALJ's rejection of a retrospective medical opinion that was provided by a doctor who first examined the claimant more than a year after the expiration of her insured status and that was otherwise contradicted by other record medical evidence); *see also Rollins*, 261 F.3d at 856 (affirming the ALJ's rejection of a treating physician's opinion where the physician imposed restrictions on the claimant that appeared inconsistent with the claimant's daily activities).

In sum, substantial evidence supports the ALJ's non-disability determination. *See Magallanes v. Bowen*, 881 F.2d 747, 756–57 (9th Cir. 1989); *cf. Lewis v. Astrue*, 498 F.3d 909, 911 (9th Cir. 2007) (affirming the ALJ's non-disability determination where the ALJ incorporated the limitations attributable to the claimant's severe impairments at step four).

**AFFIRMED.**

3