NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

MAY 9 2018

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

RANDY JAMES DUNN,

Plaintiff-Appellant,

v.

NANCY A. BERRYHILL, Acting
Commissioner Social Security,

Defendant-Appellee.

No.    15-35107

D.C. No. 6:14-cv-00266-HZ

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Oregon
Marco A. Hernandez, District Judge, Presiding

Submitted May 7, 2018[**]

Before:    FARRIS, CANBY and LEAVY, Circuit Judges.

Randy Dunn appeals the district court's judgment affirming the

Commissioner of Social Security's denial of Dunn's application for social security

supplemental security income and disability insurance benefits under Titles II and

XVI of the Social Security Act.  We have jurisdiction under 28 U.S.C. § 1291.  We

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

review de novo, *Ghanim v. Colvin*, 736 F.3d 1154, 1159 (9th Cir. 2014), and we affirm.

The ALJ gave a specific and legitimate reason for assigning little weight to the opinion of treating psychiatrist Dr. Barrett and treating therapist Ms. Teixeira because it was inconsistent with their treatment notes. *Batson v. Comm'r Soc. Sec. Admin.*, 359 F.3d 1190, 1195 (9th Cir. 2004) (ALJ need not accept opinion of even treating physician if it is inadequately supported). Any error in the additional reasons provided by the ALJ were harmless. *See, e.g., Parra v. Astrue*, 481 F.3d 742, 747 (9th Cir. 2007).

The ALJ gave the following specific and legitimate reasons for assigning little weight to the opinion of Dr. Steffey and Mr. Stanley because: (1) it was inconsistent with his activities; and (2) medical records contemporaneous to Dr. Steffey's last contact with Dunn contradict the physical limitations cited in the assessment. *Rollins v. Massanari*, 261 F.3d 853, 856 (9th Cir. 2001) (holding an ALJ may reject an opinion when the physician sets forth restrictions that "appear to be inconsistent with the level of activity that [the claimant] engaged in"); *Tommasetti v. Astrue*, 533 F.3d 1035, 1041 (9th Cir. 2008) (holding that an ALJ may reject a medical opinion when it is inconsistent with contemporaneous treatment notes). Any error in the ALJ's additional reason was harmless because he identified other specific and legitimate reasons to discount their opinion. *Molina v.*

2                                                                                          15-35107

*Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012).

The ALJ properly gave "little weight" to Dr. Charnecki's opinion because she mostly refers to Dunn's limitations in cold weather, not his maximum capabilities. The ALJ's inference that Dr. Charnecki based her opinion on other treating sources' notes is unsupported because she does not cite any other sources in her opinion. This error is harmless because the ALJ properly discounted her opinion because she emphasized Dunn's limitations in cold weather.

The ALJ gave significant weight to Dr. Bartol's opinion and properly accounted for Dr. Bartol's opinion by limiting Dunn to simple, repetitive, 1-2 step tasks. An ALJ's RFC assessment of a claimant adequately captures restrictions related to concentration, persistence, or pace where the assessment is "consistent with restrictions identified in the medical testimony." *Stubbs-Danielson v. Astrue*, 539 F.3d 1169, 1174 (9th Cir. 2008). In *Stubbs-Danielson*, the Ninth Circuit held that an RFC of "simple, routine, repetitive" work was consistent with an examining doctor's opinion that claimant can carry out "very short simple instructions." *Id*. Thus, the ALJ's RFC properly incorporated Dunn's concentration deficits by limiting him to simple tasks.

The ALJ properly found that Drs. Givi and Davies's opinion supported his RFC of simple, repetitive, 1 to 2 step tasks. This adequately incorporated their opinion that Dunn's anxiety lowered his test scores and he had no more than a mild

15-35107

limitation in any mental activity that did not involve complex task or instructions. *Batson v. Comm'r of the SSA*, 359 F.3d 1190, 1193 (9th Cir. 2004).

The ALJ identified specific, clear and convincing reasons that are supported by substantial evidence for discounting Dunn's testimony regarding the debilitating effects of his symptoms: his drug-seeking behavior and benign objective findings. *See Lewis v. Astrue*, 498 F.3d 909, 910 (9th Cir. 2007) (holding that drug-seeking behavior may undermine a claimant's credibility because it suggests motivation to exaggerate symptoms in order to obtain drugs); *Burch v. Barnhart*, 400 F.3d 676, 680 (9th Cir. 2005) (holding that an ALJ can consider a lack of supporting medical evidence when assessing credibility).

The ALJ properly gave his mother Ms. Davis's testimony only partial weight because it was inconsistent with the objective medical evidence. Inconsistency with medical evidence is a germane reason for discrediting lay witness testimony. *Bayliss v. Barnhart*, 427 F.3d 1211, 1218 (9th Cir. 2005). Any error in the ALJ's additional reason was harmless because the ALJ provided a germane reason. *Molina*, 674 F.3d at 1122 (upholding ALJ decision where error is inconsequential to the ultimate nondisability determination).

**AFFIRMED.**