**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

DEC 19 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ANGELA D. HURN, | No. 18-35890 |
| Plaintiff-Appellant, | D.C. No. 2:17-cv-00884-TLF |
| v. | MEMORANDUM[*] |
| ANDREW M. SAUL, Commissioner of Social Security | |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Western District of Washington
Theresa Lauren Fricke, Magistrate Judge, Presiding

Submitted December 9, 2019[**]
Seattle, Washington

Before: MCKEOWN and CHRISTEN, Circuit Judges, and HARPOOL,[***] District Judge.

Angela D. Hurn appeals the district court's affirmance of the Commissioner

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable M. Douglas Harpool, United States District Judge for the Western District of Missouri, sitting by designation.

of Social Security's denial of her application for disability insurance benefits and supplemental social security income under Titles II and XVI of the Social Security Act. We have jurisdiction under 28 U.S.C. § 1291 and 42 U.S.C. § 405(g). We review de novo, *Molina v. Astrue*, 674 F.3d 1104, 1110 (9th Cir. 2012), and we affirm.

The administrative law judge ("ALJ") proffered specific, clear, and convincing reasons for discounting Hurn's pain and limitations testimony because her testimony conflicted with the objective medical record and her daily activities. *See Valentine v. Comm'r of Soc. Sec. Admin.*, 574 F.3d 685, 693 (9th Cir. 2009) (the fact that claimant "exercised and undertook several projects after he retired, including gardening and community activities" suggested that his claims about the severity of his limitations were exaggerated); *Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001) (explaining that although the ALJ may not rely solely on a lack of objective medical evidence to discredit a claimant, it is one factor that may be considered, among other factors). The ALJ properly found that Hurn's testimony was further undermined by the record that showed that Hurn engaged in drug-seeking behavior and failed to pursue other treatment options that were available to her beyond pain medication. *See Trevizo v. Berryhill*, 871 F.3d 664, 679 (9th Cir. 2017) ("A claimant's subjective symptom testimony may be undermined by "an unexplained, or inadequately explained, failure to . . . follow a prescribed course of

treatment." (citation omitted)); *Edlund v. Massanari*, 253 F.3d 1152, 1157 (9th Cir. 2001) (reasoning that drug-seeking behavior undermines a claimant's credibility because he likely exaggerated his symptoms to obtain prescription pain medication).

The ALJ properly discounted the testimony of the three lay witnesses because none of the witnesses attested to any limitations beyond those reported by Hurn herself and Hurn's testimony was properly discounted by the ALJ. *See Nguyen v. Chater*, 100 F.3d 1462, 1467 (9th Cir. 1996) (explaining that in rejecting lay witness testimony, the ALJ must give reasons germane to each lay witness); *Valentine*, 574 F.3d at 694 (explaining that if an ALJ provided clear and convincing reasons for rejecting a claimant's subjective complaints, and lay testimony was similar to such complaints, the ALJ also gave germane reasons for rejecting the lay witness testimony).

The ALJ did not commit harmful error in evaluating the medical opinion evidence. The ALJ provided "specific and legitimate reasons" supported by substantial evidence in the record for giving little weight to the opinion of Dr. Cunningham, a psychological examiner, because Dr. Cunningham's opinion was based on Hurn's self-reports, which, as noted, were inconsistent with other evidence in the record. *See Chaudhry v. Astrue*, 688 F.3d 661, 671 (9th Cir. 2012) (the ALJ properly rejected examining physician's contradicted opinion because it

18-35890

was predicated in part on his erroneous belief that a wheelchair and cane were prescribed); *Lester v. Chater*, 81 F.3d 821, 830-31 (9th Cir. 1996) (setting forth the standard for evaluating medical opinion evidence and explaining that the opinion of the examining physician can only be rejected for "specific and legitimate reasons" that are supported by substantial evidence in the record).

The ALJ's failure to evaluate Dr. Cunningham's 2012 report was harmless error because the ALJ reviewed Dr. Cunningham's 2014 report, the two reports were substantially the same, and the ALJ's reasoning would apply equally to both reports. *See Molina,* 674 F.3d at 1115-1122 (setting forth harmless error principles in Social Security Act context and holding that the ALJ's failure to discuss the witness testimony is harmless error if it is "inconsequential to the ultimate nondisability determination" in the context of the record as a whole (citation omitted)).

The ALJ did not err in evaluating the opinion of Dr. Ta. Although the ALJ did not expressly mention Dr. Ta's tentative diagnosis of fibromyalgia, Dr. Ta did not assign any functional limitations stemming from his diagnosis. Moreover, the ALJ took into account Hurn's fibromyalgia symptoms in formulating Hurn's residual functional capacity ("RFC"). *Cf. Lewis v. Astrue,* 498 F.3d 909, 911 (9th Cir. 2007) (explaining that a reversible error occurs only when a severe impairment erroneously excluded at step two caused additional functional limitations not

accounted for in the RFC assessment).

The ALJ did not err in giving the most significant weight to the opinion of Dr. Platter because it was consistent with the record. *See Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989) ("The ALJ is responsible for determining credibility and resolving conflicts in medical testimony . . . [and] for resolving ambiguities."). Contrary to Hurn's contention, the ALJ was not required to provide clear and convincing reasons when he was crediting as opposed to discrediting Dr. Platter's opinion. *See Orteza v. Shalala*, 50 F.3d 748, 750 (1995) (the ALJ is not required to provide clear and convincing reasons where the ALJ is not rejecting medical opinion evidence); *Magallanes*, 881 F.2d at 750.

Hurn failed to set forth specific argument as to why the specific reasons given by the ALJ to afford less weight to the opinions of Drs. Johnson, Aleshire and Burdge were not specific and legitimate, and thus waived these issues. *See Carmickle v. Astrue*, 533 F.3d 1155, 1161 n.2 (9th Cir. 2008) (failure to address the ALJ's finding with any specificity in briefing constitutes a waiver). The record also does not support Hurn's contention that the ALJ ignored the opinion of Dr. Robinson, which was expressly acknowledged by the ALJ.

The ALJ did not err in determining the RFC or formulating the hypothetical for the vocational expert. *See Bayliss v. Barnhart*, 427 F.3d 1211, 1217 (9th Cir. 2005) (explaining that the ALJ's determination of the RFC will be affirmed if "the

18-35890

ALJ applied the proper legal standard and his decision is supported by substantial evidence"); *Magallanes,* 881 F.2d at 756–57 (holding that it is proper for an ALJ to limit a hypothetical to restrictions supported by substantial evidence in the record).

The ALJ did not violate his duty to fully and fairly develop the record because Hurn failed to show that the record was ambiguous or insufficient for the ALJ to make a disability determination. *See Bayliss,* 427 F.3d at 1217 (the ALJ is required to seek clarifications only "if the doctor's report is ambiguous or insufficient for the ALJ to make a disability determination"); *Tonapetyan v. Halter,* 242 F.3d 1144, 1150 (9th Cir. 2001) (explaining that the ALJ has an independent duty to fully and fairly develop the record and to assure that the claimant's interests are considered).

**AFFIRMED.**