NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JUN 15 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| DAVID JAMES RICE, | No. 19-16105 |
| Plaintiff-Appellant, | D.C. No. 2:17-cv-00890-DMC |
| v. | |
| ANDREW M. SAUL, Commissioner of Social Security, | MEMORANDUM[*] |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Eastern District of California
Dennis M. Cota, Magistrate Judge, Presiding

Submitted June 10, 2020[**]
San Francisco, California

Before: M. SMITH and HURWITZ, Circuit Judges, and EZRA,[***] District Judge.

David Rice ("Rice") appeals a district court decision affirming the

Commissioner of Social Security's denial of Rice's application for supplemental

---

[*]       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]     The Honorable David A. Ezra, United States District Judge for the District of Hawaii, sitting by designation.

security income under Title XVI of the Social Security Act. Rice claimed

disability due to hepatitis, back pain, and clubfeet. At step five, the Administrative

Law Judge ("ALJ") determined that Rice could perform jobs that exist in

significant numbers in the national economy. For the reasons stated below, we

affirm.

1. The ALJ ensured a full and complete record, including leaving the record

open for thirty days after the hearing. Dr. Kyle conducted a full consultative

examination on Rice, including assessing his hepatitis B, and Drs. Hanna and

Clancey both also conducted independent reviews of the medical record. *See*

*Thomas v. Barnhart*, 278 F.3d 947, 957 (9th Cir. 2002) ("The opinions of non-

treating or non-examining physicians may also serve as substantial evidence when

the opinions are consistent with independent clinical findings or other evidence in

the record."). Rice does not show how Dr. Hanna's analysis was hampered by the

absence of a different type of examination by Dr. Kyle. *See Mayes v. Massanari*,

276 F.3d 453, 459-60 (9th Cir. 2001) ("An ALJ's duty to develop the record

further is triggered only when there is ambiguous evidence or when the record is

inadequate to allow for proper evaluation of the evidence.").[1]

---

[1] Evidence post-dating the ALJ's decision that Rice's hepatitis viral load has since dramatically increased does not show that the ALJ failed to develop the record a year before. *See Sanchez v. Sec. of Health & Human Servs.*, 812 F.2d 509, 512 (9th Cir. 1987). Rice also argues that the ALJ failed to pursue inquiry with respect

2

2. Even assuming that the ALJ erred at Step 2 in finding that Rice's hepatitis, and knee and ankle impairments were non-severe, any error was harmless. The ALJ found that Rice's back pain secondary to degenerative disc disease was severe and properly considered Rice's non-severe impairments in assessing his residual functional capacity ("RFC"). *See* 20 C.F.R. §§ 404.1520, 416.921; *see also Lewis v. Astrue*, 498 F.3d 909, 911 (9th Cir. 2007) (finding harmless the failure to list an impairment as severe at Step 2 if the ALJ adequately considered the impairment and its attendant limitations at Step 4).

3. Rice fails to show reversible error in the ALJ's determination that he failed to prove that he had an impairment that met or equaled one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (the "Listings"). *See* 20 C.F.R. § 416.920(a)(4)(iii). Although the ALJ's discussion was short, Rice has not plausibly developed anything to show how his impairments taken together equal a listing impairment. *Burch v. Barnhart*, 400 F.3d 676, 683 (9th Cir. 2005) (citing *Lewis v. Apfel*, 236 F.3d 503, 514 (9th Cir. 2001)). The record supports that the ALJ thoroughly reviewed the evidence, and the ALJ needed not "state why a claimant failed to satisfy every different section of the listing of impairments." *Gonzalez v. Sullivan*, 914 F.2d 1197, 1201 (9th Cir. 1990).

---

to his knee issues, but he did not raise this argument below. *See Greger v. Barnhart*, 464 F.3d 968, 973 (9th Cir. 2006).

4. The ALJ gave "specific, legitimate reasons" for partially discounting Dr. McMullin's opinion, and substantial evidence supports the weight given to that opinion. *Thomas*, 278 F.3d at 957 (citation omitted). Dr. McMullin's opinion was brief, conclusory, cited no specific clinical findings, and therefore apparently relied "to a large extent" on Rice's self-reports. *Tommasetti v. Astrue*, 533 F.3d 1035, 1041 (9th Cir. 2008) (citation omitted). Substantial evidence also supports the weight the ALJ gave to the opinions of Drs. Clancey, Hanna, and Kyle. *See Jamerson v. Chater*, 112 F.3d 1064, 1067 (9th Cir. 1997) ("Thus, the key question is not whether there is substantial evidence that could support a finding of disability, but whether there is substantial evidence to support the Commissioner's actual finding that the claimant is not disabled.").

5. Substantial evidence supports the ALJ's evaluation of Rice's subjective complaints. "[A]n ALJ must provide specific, clear, and convincing reasons" when discrediting a claimant's testimony. *See Burrell v. Colvin*, 775 F.3d 1133, 1137 (9th Cir. 2014). Here, the ALJ reasonably determined that the severity of Rice's subjective complaints was not fully credible because records showed generally mild findings, Rice failed to attend physical therapy, and many examinations were within normal limits. "Where evidence is susceptible to more than one rational interpretation, it is the ALJ's conclusion that must be upheld." *Burch*, 400 F.3d at 679.

4

6. The ALJ's hypotheticals and the responses by the vocational expert were adequate. The hypotheticals were not incomplete simply because the RFC finding did not account for all of Rice's alleged limitations—the ALJ included the limitations she found supported by the record. And even assuming that the ALJ omitted some limitations, any error was harmless because substantial evidence supports the ALJ's finding of no disability. *See Stubbs-Danielson v. Astrue*, 539 F.3d 1169, 1173–74 (9th Cir. 2008) (concluding that the ALJ's RFC finding "properly incorporated the limitations identified" by physicians and "to the extent the ALJ's RFC finding erroneously omitted" certain limitations, the error was harmless); *Matthews v. Shalala*, 10 F.3d 678, 681 (9th Cir. 1993) ("Whether or not the ALJ erred in not including all of [the claimant's] limitations in a hypothetical is thus irrelevant given the other reliable evidence. Any error would have been harmless.").

**AFFIRMED.**