NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

AUG 13 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| TORENA O'RORKE, <br><br> Plaintiff-Appellant, <br><br> v. <br><br> KILOLO KIJAKAZI, Acting Commissioner of Social Security, <br><br> Defendant-Appellee. | No. 20-35679 <br><br> D.C. No. 2:20-cv-00018-BAT <br><br> MEMORANDUM* |

Appeal from the United States District Court
for the Western District of Washington
Brian Tsuchida, Magistrate Judge, Presiding

Submitted August 11, 2021**
Seattle, Washington

Before: EBEL,*** BRESS, and VANDYKE, Circuit Judges.

Torena O'Rorke appeals the district court's judgment affirming the

Commissioner of Social Security's denial of disability insurance benefits. "We

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\*      The Honorable David M. Ebel, United States Circuit Judge for the U.S. Court of Appeals for the Tenth Circuit, sitting by designation.

review a district court's judgment upholding the denial of social security benefits de novo" and "set aside a denial of benefits only if it is not supported by substantial evidence or is based on legal error." *Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1222 (9th Cir. 2009) (citation omitted). We have jurisdiction under 28 U.S.C. § 1291 and affirm.

1.     Assuming the ALJ erred in failing to address the letter written by O'Rorke's therapist, Daniel Cummings, any error was harmless. *See Marsh v. Colvin*, 792 F.3d 1170, 1172 (9th Cir. 2015). Mr. Cummings is not an "[a]cceptable medical source," 20 C.F.R. §§ 404.1502(a), 404.1527(f)(1), and therefore his opinion is "not entitled to the same deference." *Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012). Mr. Cummings's assertion that O'Rorke's pain is "disabling" is also "not [a] medical opinion[]" and therefore not entitled to "any special significance." 20 C.F.R. § 404.1527(d), (d)(3). Moreover, the ALJ accounted for the severity and frequency of O'Rorke's pain in assessing her residual functional capacity. *See Lewis v. Astrue*, 498 F.3d 909, 911 (9th Cir. 2007). Accordingly, Mr. Cummings's letter is "inconsequential to the ultimate nondisability determination." *Molina*, 674 F.3d at 1115 (quotations omitted).

O'Rorke forfeited her argument that the ALJ erred in not addressing Dr. Ann McKee's treatment note by failing to raise the issue to the district court. *See Warre v. Comm'r of Soc. Sec. Admin.*, 439 F.3d 1001, 1007 (9th Cir. 2006). Regardless,

any error was harmless because Dr. McKee's general reference to "longstanding disabling symptoms" is insufficiently detailed, and thus "not [a] medical opinion[]" that would be entitled to "any special significance." 20 C.F.R. § 404.1527(d), (d)(3). This statement is also "inconsequential to the ultimate nondisability determination." *Molina*, 674 F.3d at 1115 (quotations omitted).

2.      Substantial evidence supports the ALJ's finding that O'Rorke's fibromyalgia fails to "meet[] or equal[]" Listing 14.09D.  *See* 20 C.F.R. § 404.1520(a)(4)(iii).  "For a claimant to show that [her] impairment matches a listing, it must meet *all* of the specified medical criteria."  *Sullivan v. Zebley*, 493 U.S. 521, 530 (1990).  The ALJ determined that O'Rorke does not have a "marked level" of limitation in her "activities of daily living," "maintaining social functioning," or "completing tasks in a timely manner due to deficiencies in concentration, persistence, or pace."  20 C.F.R. Pt. 404, Subpart P, Appendix 1, Listing 14.09D.  The ALJ thoroughly "discuss[ed] and evaluate[d] the evidence that supports" this conclusion.  *Lewis v. Apfel*, 236 F.3d 503, 513 (9th Cir. 2001).

The ALJ had no duty to further develop the record on this issue because the "record before the ALJ was neither ambiguous nor inadequate to allow for proper evaluation of the evidence" of O'Rorke's limitations.  *Mayes v. Massanari*, 276 F.3d 453, 460 (9th Cir. 2001).

3

3. The ALJ gave specific, clear, and convincing reasons supported by substantial evidence for finding O'Rorke's symptom testimony not credible. *See Garrison v. Colvin*, 759 F.3d 995, 1014–15 (9th Cir. 2014). The ALJ identified the specific testimony that she found not to be credible and explained that the evidence of O'Rorke's normal musculoskeletal function, her presentation at examinations, the effectiveness of certain treatments, O'Rorke's daily activities, and her prior statements undermined O'Rorke's testimony about the severity of her pain.

The ALJ did not err by considering the lack of objective medical evidence in evaluating O'Rorke's credibility. "While subjective pain testimony cannot be rejected on the sole ground that it is not fully corroborated by objective medical evidence, the medical evidence is still a relevant factor in determining the severity of the claimant's pain and its disabling effects." *Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001). Here, the ALJ properly considered all the evidence in assessing O'Rorke's testimony.

We reject O'Rorke's argument that the ALJ "improperly overstated" her daily activities and exercise. When substantial evidence supports the ALJ's factual findings, as it does here, "[w]e may not reweigh the evidence." *Ahearn v. Saul*, 988 F.3d 1111, 1115 (9th Cir. 2021).

4. The ALJ did not err in discounting the testimony of O'Rorke's husband. Because "the ALJ provided clear and convincing reasons for rejecting [O'Rorke]'s

4

own subjective complaints, and because [Mr. O'Rorke's] testimony was similar to such complaints, it follows that the ALJ also gave germane reasons for rejecting [his] testimony." *Valentine v. Comm'r Soc. Sec. Admin.*, 574 F.3d 685, 694 (9th Cir. 2009).

5.     O'Rorke's contention that the ALJ erred at steps four and five of the sequential disability evaluation process depends on her contention that the ALJ erred in evaluating the evidence described above.  Because there was no error, this claim necessarily fails.

**AFFIRMED.**