NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

DEC 10 2021

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MARTHA A. MIONI, | No.   20-35652 |
| Plaintiff-Appellant, | D.C. No. 3:19-cv-06124-BAT |
| v. | |
| KILOLO KIJAKAZI, Acting Commissioner of Social Security, | MEMORANDUM* |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Western District of Washington
Brian Tsuchida, Magistrate Judge, Presiding

Submitted December 8, 2021**
Seattle, Washington

Before:  McKEOWN and BADE, Circuit Judges, and FITZWATER,*** District Judge.

Martha A. Mioni appeals the district court's judgment affirming the

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

\*\*\*      The Honorable Sidney A. Fitzwater, United States District Judge for the Northern District of Texas, sitting by designation.

Commissioner of Social Security's denial of her application for disability insurance benefits. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

1.      Mioni argues the Administrative Law Judge ("ALJ") erred at step two by failing to list post laminectomy syndrome as a severe impairment. Mioni's argument lacks merit because she "misunderstands the purpose of step two in the analysis." *Buck v. Berryhill*, 869 F.3d 1040, 1048 (9th Cir. 2017). Step two is merely "a de minimis screening device to dispose of groundless claims." *Edlund v. Massanari*, 253 F.3d 1152, 1159 (9th Cir. 2001) (as amended) (internal quotation marks omitted). "It is not meant to identify the impairments that should be taken into account when determining" a claimant's residual functional capacity. *Buck*, 869 F.3d at 1048–49.

Here, the ALJ decided step two in Mioni's favor, finding she had three severe impairments. At step four, the ALJ extensively discussed Mioni's chronic back and right leg pain. Mioni admits that post laminectomy syndrome "is a nonspecific term describing persistent lower back or leg pain after surgery." And she has not shown any meaningful distinction between the limitations the ALJ considered and those allegedly caused by post laminectomy syndrome. Therefore, even assuming the ALJ erred by not listing post laminectomy syndrome as a severe impairment, any error was harmless. *See Lewis v. Astrue*, 498 F.3d 909, 911 (9th Cir. 2007) (as amended) (finding that any error in neglecting to list bursitis at step

2

two was harmless given the ALJ's discussion of the impairment at step four).

2.      The ALJ properly provided specific, clear and convincing reasons for discrediting Mioni's testimony about the severity of her symptoms. *See Smolen v. Chater*, 80 F.3d 1273, 1281 (9th Cir. 1996).  First, the ALJ found Mioni's subjective complaints to be inconsistent with the medical record.  *See Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001).  Second, the ALJ found Mioni's daily activities of living, namely her long bike rides, inconsistent with her reports of debilitating pain.  *See Molina v. Astrue*, 674 F.3d 1104, 1113 (9th Cir. 2012), *superseded by regulation on other grounds as recognized in Sisk v. Saul*, 820 F. App'x 604, 606 (9th Cir. 2020).  Third, the ALJ noted that Mioni stopped working as a table games dealer for reasons unrelated to her alleged impairments.  *See Bruton v. Massanari*, 268 F.3d 824, 828 (9th Cir. 2001) (as amended).  These reasons are supported by substantial evidence.  *See Smolen*, 80 F.3d at 1279.  Any error the ALJ may have committed in assessing Mioni's credibility is harmless.  *Cf. Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1195–97 (9th Cir. 2004).

3.      The ALJ correctly provided a germane reason for assigning "little weight" to Mioni's husband's written statement.  *See Bayliss v. Barnhart*, 427 F.3d 1211, 1218 (9th Cir. 2005).  The ALJ discredited Mr. Mioni's statement because, among other things, his "observations [were] similar to [Mioni's] own subjective

complaints of disabling impairments." As we have already discussed, the ALJ gave clear and convincing reasons for discrediting Mioni's allegations. *Supra* ¶ 2. It follows that the ALJ provided a germane reason for assigning little weight to her husband's statement. *See Valentine v. Comm'r of Soc. Sec. Admin.*, 574 F.3d 685, 694 (9th Cir. 2009). Any error the ALJ may have made in evaluating Mr. Mioni's statement is harmless.

4. The Appeals Council did not exceed its authority by assuming jurisdiction over Mioni's case and entering a decision that modified, in part, the ALJ's decision. *See* 20 C.F.R. § 404.984(b)(3) (2008).[1] Relevant here, the Appeals Council determined that Mioni could perform past relevant work as a "'gambling dealer' (DOT 343.464-010)," which modified the ALJ's finding that Mioni had past employment as a "gambler dealer (DOT# 343.468-018; SVP 5; light)," a number that does not exist in the *Dictionary of Occupational Titles*.

The Appeals Council's decision is supported by a preponderance of the evidence in the record. *See* 20 C.F.R. § 404.984(b)(3). The Appeals Council observed that the job requirements of a gambling dealer are consistent with Mioni's description of her work as a table games dealer. *See* 343.646-010 Gambling Dealer, Dictionary of Occupational Titles (4th ed. 1991). It further

---

[1] The Appeals Council issued its decision on September 25, 2019. The version of 20 C.F.R. § 404.984 in effect at that time was promulgated in 2008. All citations to 20 C.F.R. § 404.984 in this disposition reference the 2008 version.

noted that gambling dealer, like the non-existent position of gambler dealer, requires light exertional abilities and a Specific Vocational Preparation ("SVP") of 5. *See id.* The vocational expert testified that Mioni met the SVP requirements of the gambler dealer job, which suggests she "performed this semi-skilled work long enough to learn it." We find this evidence sufficient to support the Appeals Council's decision. *See* 20 C.F.R. § 404.984(b)(3).

Mioni maintains that the Appeals Council should have remanded the case "to allow cross examination of the [vocational expert]." This argument fails for at least two reasons. First, the applicable regulation provided that the Appeals Council may issue "a new, independent decision based on the preponderance of the evidence in the entire record," and thus the Appeals Council was not required to remand the case to the ALJ. *See id.* Second, Mioni had the opportunity to examine a vocational expert about this very job during a previous administrative hearing. We therefore reject Mioni's argument that remanded was required.

**AFFIRMED.**