NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

APR 15 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| SANDRA D. PEARSON, | No. 21-35339 |
| Plaintiff-Appellant, | D.C. No. 3:19-cv-05746-TLF |
| v. | |
| KILOLO KIJAKAZI, Acting Commissioner of Social Security, | MEMORANDUM* |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Western District of Washington
Theresa Lauren Fricke, Magistrate Judge, Presiding

Submitted April 11, 2022**
Seattle, Washington

Before: BOGGS,*** HURWITZ, and KOH, Circuit Judges.

Sandra D. Pearson appeals the district court's order affirming the denial of

disability insurance benefits under the Social Security Act. We have jurisdiction

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\* The Honorable Danny J. Boggs, United States Circuit Judge for the U.S. Court of Appeals for the Sixth Circuit, sitting by designation.

under 28 U.S.C. § 1291 and review the district court's decision de novo. *See Smith v. Kijakazi*, 14 F.4th 1108, 1111 (9th Cir. 2021). We will reverse only if the administrative law judge ("ALJ") did not support his decision with substantial evidence or applied the wrong legal standard. *Id.* For the following reasons, we affirm.

1.      The ALJ did not err in giving little weight to Dr. Gary McGuffin's opinion. An ALJ may give little weight to an examining physician's opinion that is contradicted by another doctor if the ALJ can provide "specific and legitimate reasons that are supported by substantial evidence in the record." *Ford v. Saul*, 950 F.3d 1141, 1155 (9th Cir. 2020) (quoting *Lester v. Chater*, 81 F.3d 821, 830–31 (9th Cir. 1995)). The ALJ provided four specific and legitimate reasons supported by substantial evidence for giving little weight to Dr. McGuffin's opinion: (1) it conflicted with the opinions of Drs. Landon Poppleton and Paul Jacobsen, *see Tommasetti v. Astrue*, 533 F.3d 1035, 1041 (9th Cir. 2008); (2) it conflicted with Pearson's daily activities, *see Rollins v. Massanari*, 261 F.3d 853, 856 (9th Cir. 2001); (3) it was equivocal in some key findings, *see Tommasetti*, 533 F.3d at 1041; and (4) it was vague about what supportive supervision Pearson would need, *see Meanel v. Apfel*, 172 F.3d 1111, 1114 (9th Cir. 1999).[1]

---

[1]      The ALJ also found that Dr. McGuffin's opinion was internally inconsistent. Even if this reason was not supported by substantial evidence, any error by the ALJ

2.     Nor did the ALJ err in giving little weight to the opinions of Drs. Michael Brown and John Robinson.  An ALJ may give little weight to "the opinion of a non-examining physician by reference to specific evidence in the medical record."  *Sousa v. Callahan*, 143 F.3d 1240, 1244 (9th Cir. 1998).  The ALJ provided three reasons based on references to specific evidence in the medical record for giving little weight to the opinions: (1) inconsistency with the medical evidence, *see Tommasetti*, 533 F.3d at 1041; (2) inconsistency with Pearson's daily activities, *see Rollins*, 261 F.3d at 856; and (3) equivocation in some key findings, *see Tommasetti*, 533 F.3d at 1038.

3.     The ALJ did not err at step two, as the ALJ was not required to find that six of Pearson's impairments were severe, because the inquiry is "merely a threshold determination meant to screen out weak claims."  *Buck v. Berryhill*, 869 F.3d 1040, 1048–49 (9th Cir. 2017); *see* 20 C.F.R. § 404.1520.  Moreover, any error at step two in finding that these impairments were not severe was harmless, because the ALJ adequately considered these impairments, and the limitations imposed by them, in assessing Pearson's residual functional capacity.  *See Lewis v. Astrue*, 498 F.3d 909, 911 (9th Cir. 2007).

---

in relying on it was harmless.  *See Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012) (explaining legal standard); *Bayliss v. Barnhart*, 427 F.3d 1211, 1217 (9th Cir. 2005) (finding inconsistency between an opinion and the record by itself sufficient to reject an opinion).

4. The ALJ did not err in discounting Pearson's testimony about the severity of her symptoms. An ALJ can "reject the claimant's testimony about the severity of her symptoms only by offering specific, clear and convincing reasons for doing so." *Trevizo v. Berryhill*, 871 F.3d 664, 678 (9th Cir. 2017). The ALJ provided three reasons for discounting Pearson's testimony about the severity of her symptoms: (1) she failed to seek treatment for her sleep apnea for an extended period, *see Burch v. Barnhart*, 400 F.3d 676, 681 (9th Cir. 2005); (2) she received only conservative treatment for her neck, shoulder, back, hip, leg, and knee pain, *see Parra v. Astrue*, 481 F.3d 742, 751 (9th Cir. 2007); and (3) her daily activities were inconsistent with her testimony about her memory deficits, *see Lingenfelter v. Astrue*, 504 F.3d 1028, 1040 (9th Cir. 2007).

5. Finally, the ALJ did not err by discounting the testimony of Pearson's daughter, Tiffany Leach. An ALJ may disregard lay testimony by giving "reasons germane to each witness for doing so." *Turner v. Comm'r of Soc. Sec.*, 613 F.3d 1217, 1224 (9th Cir. 2010) (quoting *Lewis v. Apfel*, 236 F.3d 503, 511 (9th Cir. 2001)). Here, the ALJ gave a germane reason for rejecting Leach's testimony, as Leach did not describe any limitations beyond what Pearson described in her own testimony. *See Valentine v. Comm'r Soc. Sec. Admin.*, 574 F.3d 685, 694 (9th Cir. 2009).

**AFFIRMED.**