**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FEB 11 2025

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| OLEG V. POLIAKOV, <br><br> Plaintiff - Appellant, <br><br> v. <br><br> MICHELLE KING, Acting Commissioner of Social Security, <br><br> Defendant - Appellee. | No. 24-619 <br><br> D.C. No. 2:23-cv-00428-MLP <br><br> MEMORANDUM<sup>*</sup> |

Appeal from the United States District Court
for the Western District of Washington
Michelle L. Peterson, Magistrate Judge, Presiding

Submitted February 7, 2025[**]
Portland, Oregon

Before: BEA, KOH, and SUNG, Circuit Judges.

Oleg V. Poliakov appeals the district court's judgment affirming the Social

Security Commissioner's denial of his applications for supplemental security

income benefits and disability insurance benefits under Titles XVI and II,

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

respectively, of the Social Security Act. The administrative law judge ("ALJ") found that Poliakov was not disabled, and the district court affirmed. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

We review the district court's decision de novo and reverse the denial of benefits only if the ALJ's decision "was not supported by substantial evidence in the record as a whole or if the ALJ applied the wrong legal standard." *Ahearn v. Saul*, 988 F.3d 1111, 1115 (9th Cir. 2021) (citation omitted). "We may not reweigh the evidence or substitute our judgment for that of the ALJ. The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and for resolving ambiguities. When the evidence can rationally be interpreted in more than one way, [we] must uphold the ALJ's decision." *Id.* at 1115–16 (cleaned up).

1. The ALJ did not err in finding that sciatica, lumbar radiculopathy, bilateral carpal tunnel syndrome, entrapment of ulnar nerve, and migraines were not medically determinable impairments.

To be "medically determinable," an impairment must "result from anatomical, physiological, or psychological abnormalities that can be shown by medically acceptable clinical and laboratory diagnostic techniques." 20 C.F.R. §§ 404.1521, 416.921. That is, the impairment "must be established by objective medical evidence from an acceptable medical source," and the ALJ "will not use [a claimant's] statement of symptoms, a diagnosis, or a medical opinion to establish

the existence of an impairment(s)." *Id.*

Step two determinations are subject to the harmless error analysis. *Buck v. Berryhill*, 869 F.3d 1040, 1048–49 (9th Cir. 2017). If the ALJ fails to identify additional impairments but the decision "reflects that the ALJ considered any limitations posed by" those impairments, that error is "harmless" and cannot be a basis for remand. *Lewis v. Astrue*, 498 F.3d 909, 911 (9th Cir. 2007).

Here, as to sciatica, lumbar radiculopathy, bilateral carpel tunnel syndrome, and entrapment of ulnar nerve, any error was harmless because the ALJ expressly stated that even if those conditions were medically determinable impairments, "the limitations in the claimant's residual functional capacity would fully account for such impairments." Because Poliakov "does not detail what other physical limitations follow from the evidence" of these conditions, we "reject any invitation to find that the ALJ failed to account for [these conditions] in some unspecified way." *See Valentine v. Comm'r Soc. Sec. Admin.*, 574 F.3d 685, 692 n.2 (9th Cir. 2009).

As to migraines, the treatment notes that Poliakov offers state only that his symptoms were "consistent with chronic migraine." Thus, substantial evidence supports the ALJ's finding that "the requirements to establish a headache medically determinable impairment under Social Security Ruling 19-4p . . . are not met." *See* Soc. Sec. Ruling 19-4p, *Titles II & XVI: Evaluating Cases Involving*

*Primary Headache Disorders* (SSA Aug. 26, 2019).

2. The ALJ did not err in evaluating objective medical evidence. As an initial matter, Poliakov does not identify any specific errors in the ALJ's analysis of medical evidence, and this court does not "reweigh the evidence" before the ALJ. *Ahearn*, 988 F.3d at 1115. In any event, the treatment notes that Poliakov recites concerning his chronic lower back and leg pain are not highly probative evidence that was not ostensibly considered by the ALJ. The ALJ also included limitations that account for Poliakov's back and leg pain in the residual functional capacity ("RFC") assessment.

Similarly, Poliakov's recitation of treatment notes from various mental health providers does not establish error in the ALJ's assessment of his mental impairments. The ALJ specifically considered evidence showing "complaints of various mental symptoms including depression, manic phases, anger, anxiety, panic attacks, problems with focus, [] shutting down," and "suicidal ideation." The ALJ also accounted for limitations resulting from mental impairments in the RFC. The ALJ's consideration of the medical evidence is supported by substantial evidence and is not based on legal error.

3. The ALJ did not err in the evaluation of prior administrative findings. Governing regulations require the ALJ to evaluate the supportability and consistency of prior administrative findings in considering their persuasiveness.

*See* 20 C.F.R. § 416.920c(a)–(b). Here, the ALJ sufficiently explained their analysis, both as to supportability and consistency, for assessments by Drs. Hurley, Harmon, Anderson, and Comrie. The ALJ also reasonably discounted parts of the assessments that suggested more functionality than the ultimate RFC. Substantial evidence supports each of the ALJ's findings, and we find no legal error.

4. The ALJ did not err in evaluating Poliakov's subjective symptom testimony. The ALJ was required to provide "specific, clear and convincing reasons" for rejecting Poliakov's testimony about the severity of his symptoms. *Smith v. Kijakazi*, 14 F.4th 1108, 1112 (9th Cir. 2021) (quoting *Garrison v. Colvin*, 759 F.3d 995, 1015 (9th Cir. 2014)). The ALJ did so.

First, the ALJ discounted Poliakov's testimony for inconsistency with objective medical evidence. "When objective medical evidence in the record is *inconsistent* with the claimant's subjective testimony, the ALJ may indeed weigh it as undercutting such testimony." *Smartt v. Kijakazi*, 53 F.4th 489, 498 (9th Cir. 2022). Substantial evidence supports the ALJ's conclusion. With regard to back and leg pain, although Poliakov claims he "cannot do anything with [his] legs," imaging of the spine and sacroiliac joints show few and mild abnormalities, and some evidence documents normal range of motion and normal strength. With regard to insomnia, some evidence documents Poliakov had "fatigue without uncontrollable drowsiness," and "did not demonstrate physical findings of

excessive sleepiness." And with regard to his mental impairments, evidence documents normal findings with grossly intact memory, attention, and fund of knowledge.[1]

Second, the ALJ stated inconsistencies between Poliakov's subjective symptom testimony and statements he made elsewhere to care providers as another reason for discounting his testimony. Because Poliakov does not challenge the ALJ's finding of inconsistency with other statements on the record, this rationale stands unchallenged.

Finally, the ALJ found Poliakov's testimony regarding the severity of his symptoms inconsistent with his activities. The ALJ's findings concerning Poliakov's activities are supported by substantial evidence and are a sufficiently "specific, clear, and convincing" reason to discount his testimony. *Smith*, 14 F.4th at 1112; *see also Burch v. Barnhart*, 400 F.3d 676, 680–81 (9th Cir. 2005) ("Although the evidence of Burch's daily activities may also admit of an interpretation more favorable to Burch, the ALJ's interpretation was rational, and we must uphold the ALJ's decision where the evidence is susceptible to more than one rational interpretation." (cleaned up)).

---

[1] Contrary to Poliakov's claims, the ALJ did not discount his testimony based solely on the medical record, though "[c]ontradiction with the medical record is a sufficient basis for" doing so. *Carmickle v. Comm'r, Soc. Sec. Admin*., 533 F.3d 1155, 1161 (9th Cir. 2008). The ALJ pointed to other, nonmedical evidence, as discussed below.

5. The ALJ did not err in assessing lay witness evidence from Poliakov's mother. Even assuming the ALJ was required to provide "germane" reasons for discounting lay witness evidence, *Bruce v. Astrue*, 557 F.3d 1113, 1115 (9th Cir. 2009), the ALJ did so here.[2] The ALJ rejected some statements from Poliakov's mother because they were inconsistent with medical evidence. The ALJ also noted that a healthcare provider observed some of Poliakov's mother's medical concerns for him did "not seem likely." Both reasons are germane and supported by substantial evidence. *See Bayliss v. Barnhart*, 427 F.3d 1211, 1218 (9th Cir. 2005).

6. Substantial evidence supports the ALJ's RFC assessment. Poliakov's challenges to the ALJ's RFC assessment and step five analysis are based solely on the previously addressed arguments and thus lack support for the reasons stated above. *See Stubbs-Danielson v. Astrue*, 539 F.3d 1169, 1175–76 (9th Cir. 2008) (rejecting claimant's step five challenge where she "simply restate[d] her argument that the ALJ's RFC finding did not account for all her limitations").

**AFFIRMED.**

---

[2] The Commissioner argues that under the revised regulations, the ALJ was not required to articulate how they considered lay witness evidence. *See* 20 C.F.R. §§ 404.1520c(d), 416.920c(d). We need not decide that issue because the germaneness standard is satisfied here.

24-619