NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

NOV 12 2025

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

ABIGAIL BROKAW,

Plaintiff - Appellant,

v.

FRANK BISIGNANO, Commissioner of
Social Security,

Defendant - Appellee.

No. 24-6710

D.C. No.
6:23-cv-01027-YY

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Oregon
Youlee Yim You, Magistrate Judge, Presiding

Submitted November 7, 2025[**]
Portland, Oregon

Before: M. SMITH, NGUYEN, and H.A. THOMAS, Circuit Judges.

Abigail Brokaw appeals the district court's decision affirming the

Commissioner of Social Security's denial of her applications for disability

insurance benefits and supplemental security income. We have jurisdiction under

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

28 U.S.C. § 1291, and we affirm.

1. The Administrative Law Judge ("ALJ") must provide "specific, clear, and convincing reasons" for rejecting the claimant's subjective symptoms testimony. *Trevizo v. Berryhill*, 871 F.3d 664, 679 (9th Cir. 2017). This standard requires ALJs "to show [their] work," but "[t]he standard isn't whether our court is convinced, but instead whether the ALJ's rationale is clear enough that it has the power to convince." *Smartt v. Kijakazi*, 53 F.4th 489, 499 (9th Cir. 2022).

2. Here, the ALJ discounted Brokaw's testimony concerning the intensity, persistence, and limiting effects of her symptoms because her testimony conflicted with her medical record and daily activities.

Although the ALJ acknowledged that Brokaw's back pain was aggravated by physical activity, the ALJ concluded that her testimony that she 1) could not remain in any position for over thirty minutes and 2) can walk only a "mile max" on a good day was inconsistent with the overall medical record. The ALJ cited medical records from 2020 showing Brokaw had no atrophy, normal tandem gait, the ability to walk heel and toe without difficulty, intact strength in all her extremities, a "normal/steady" balance, and a normal musculoskeletal range of motion. The ALJ also cited Brokaw's report in November 2022 that she "no longer had any back pain." Because the ALJ cited medical evidence showing improvement in Brokaw's back and her ability to walk without difficulty, her

medical record was inconsistent with her testimony that she could not remain in one position for over thirty minutes and could only walk a mile because of her back pain. *See id.* ("Contradiction with the medical record is a sufficient basis for rejecting the claimant's subjective [symptom] testimony." (internal quotation marks omitted)).

Although the ALJ acknowledged Brokaw's testimony regarding her migraines, the ALJ concluded that her testimony was undermined by her failure to pursue treatment. The ALJ noted that Brokaw did not pursue Botox injections recommended for her migraines, which was a "specific, clear and convincing reason[]," *see Trevizo*, 871 F.3d at 679, to conclude that Brokaw's "lack of interest in pursuing recommended treatment for her migraine/headache complaints is inconsistent with her allegations of debilitating symptoms." *See Orn v. Astrue*, 495 F.3d 625, 638 (9th Cir. 2007) ("[I]f a claimant complains about disabling pain but fails to seek treatment, or fails to follow prescribed treatment, for the pain, an ALJ may use such failure as a basis for finding the complaint unjustified or exaggerated."). And although Brokaw was told to stop taking Excedrin, the ALJ noted that Brokaw testified taking Excedrin when she wakes up with a bad headache. Because doing so was a "fail[ure] to follow prescribed treatment," *see id.*, the ALJ again provided a "specific, clear, and convincing reason[]" to discount Brokaw's subjective symptom testimony regarding her migraines, *see Trevizo*, 871

3                                                        24-6710

F.3d at 679.

Although the ALJ acknowledged Brokaw's reports of chronic fatigue and neck pain, he concluded that Brokaw's daily activities "do not support greater limitations" than a residual functional capacity ("RFC") of performing light work. The ALJ cited Brokaw's online channel where she "post[ed] music," "played guitar and piano and sang and also did comedy." The ALJ also cited a progress note from February 2022 that Brokaw was "working on republishing a book," and another report from June 2022 that Brokaw worked online for five hours at a desk per day, five days a week. These daily activities were inconsistent with Brokaw's testimony of debilitating neck pain that limited her to typing only every other day and chronic fatigue that limited her to a maximum of two hours per day of sedentary work. By citing this evidence, the ALJ properly discredited Brokaw's testimony because her daily activities "contradict claims of a totally debilitating impairment." *See Smartt*, 53 F.4th at 499 (internal quotation marks omitted).

Because "the ALJ's rationale is clear enough that it has the power to convince," *id.*, the ALJ's citation of Brokaw's medical records and daily activities provided sufficiently "specific, clear, and convincing reasons" for discounting her subjective testimony regarding the above impairments, *see Trevizo*, 871 F.3d at 679.

3.     Brokaw contends that the ALJ mischaracterized the medical record at Step Two by not finding her migraines, fibromyalgia, and chronic fatigue syndrome to be severe.  Whether the ALJ erred or not, the ALJ considered these conditions when formulating Brokaw's RFC so any error was harmless.  *See Lewis v. Astrue*, 498 F.3d 909, 911 (9th Cir. 2007).  The ALJ explicitly acknowledged and considered Brokaw's migraines and chronic fatigue in his RFC analysis.  The ALJ similarly acknowledged Brokaw's fibromyalgia and considered all of Brokaw's "complaints of pain" in his RFC analysis.  Because "[a] decision of the ALJ will not be reversed for errors that are harmless," *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005), we affirm.

**AFFIRMED.**